■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v PEDRO TAVAREZ, Respondent.—Order, Supreme Court, New York County (Carol H. Arber, J.), entered January 7, 1987, which granted defendant's motion to dismiss the indictment pursuant to CPL 170.30 (1) (e) and 30.30 (1) (a), unanimously reversed, on the law and the facts, and the motion is denied, the indictment reinstated, and the matter remanded for further proceedings.

A felony complaint charging defendant with criminal possession of a weapon in the third degree was filed on March 2, 1986. Under CPL 30.30 (1) (a), the People had until September 2, 1986, a period of six months or 184 days, to be ready for trial, plus any periods of excludable time both before and after they validly declared themselves ready to proceed to trial (CPL 30.30 [3] [b]; [4]; *People v Anderson,* 66 NY2d 529, 534).

On June 12, 1986, the date previously scheduled for a suppression hearing, the Assistant District Attorney informed the court that his police witnesses were off from work and requested an adjournment to June 17, 1986, when the People would be ready to proceed. Nevertheless, because a month-long vacation was planned beginning on June 22nd, the court adjourned the case until July 31st. On June 17th, the People filed a certificate announcing that they were "presently ready to hold the [suppression] hearing and move the action to trial."

In granting defendant's CPL 30.30 motion to dismiss, the trial court found the June 17th statement of readiness incredible in light of the People's subsequent lack of readiness on July 31st and September 11th.

We disagree and accordingly reverse and deny defendant's motion to dismiss.

It is apparent that the People, as previously announced on June 12th, were ready to proceed on June 17th, the day they

filed their statement of readiness, and there is no evidence in the record that their statement was not made in good faith or that it did not reflect an actual, present state of readiness *(see, People v Rhee,* 111 AD2d 655, 656).

Unlike *People v Kendzia* (64 NY2d 331, 338), where the People's statement, in a May 6th letter, that they would be ready for trial on May 26th was found insufficient because it merely expressed an expectation of readiness, the People's statement here met the two-pronged test announced in that case (64 NY2d 331, 337, *supra):* (1) the communication of readiness must appear on the trial court's record; and, (2) the prosecutor must make the statement of readiness when the People are in fact ready to proceed.

The fact that the People were not ready to proceed on two subsequent occasions does not necessarily lead to the conclusion that they were not ready to proceed on June 17th. "The statute was intended to limit the People's time for preparation to the period specified, but they are entitled to the full period allowed, either before or after answering ready." *(People v Anderson,* 66 NY2d 529, 537, *supra.)*

The People's subsequent requests for short adjournments on July 31st and September 11th, while indicative of their lack of readiness at the time, did not impugn their effective announcement. Although in *People v O'Neal* (99 AD2d 844) there was some indication that the People's responsibility for subsequent delays negated the effectiveness of their original announcement of readiness, there, unlike the instant case, the People's statement of readiness was not a matter of record and their subsequent lack of readiness does not appear to have been the determinative factor in the court's decision. *People v O'Neal (supra)* and *People v Giordano* (81 AD2d 1003, *affd* 56 NY2d 524) "clearly stand for the proposition that even after the People timely announce their readiness for trial, they may be charged with subsequent delays caused by them which affect their continued readiness for trial." *(People v Jones,* 105 AD2d 179, 184, *affd* 66 NY2d 529.) Those cases should not be expanded to retroactively invalidate an otherwise valid statement of readiness.

Just as court congestion is not chargeable to the People *(People v Giordano, supra),* neither should the unavailability of the court due to vacation or for its own convenience. *(See, People v Green,* 90 AD2d 705, 706.) CPL 30.30, although entitled "Speedy trial", really addresses prosecutorial, not court, readiness *(see, People v Anderson,* 66 NY2d, *supra,* at 535).

Thus, with the exclusion of the period from June 17th to July 31, 1986 from the period of postreadiness delay chargeable to the People, such period totals less than six months and defendant's speedy trial motion must be denied. It is unnecessary, therefore, to consider the later periods of delay which are in dispute. Concur—Kupferman, J. P., Sullivan, Kassal, Ellerin and Smith, JJ.