■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v GREGORY CORREA, Respondent.—Order, Supreme Court, New York County (Dorothy Cropper, J.), entered July 9, 1987, which granted defendant's motion to dismiss the indictment charging him with grand larceny in the second degree, criminal possession of stolen property in the first degree and unauthorized use of a vehicle in the third degree, on the ground of the denial of his right to a speedy trial, is affirmed.

The trial court was correct when it determined that the prosecution was not ready to proceed to trial within six months of the date that it commenced action against the defendant.

The statutory six-month period (184 days) is measured from August 13, 1986, the day on which defendant was arraigned on the original felony complaint *(People v Lomax,* 50 NY2d 351).

The period of August 13, 1986 (the date of arraignment on the felony complaint) until September 9, 1986 (the date of arraignment on the first indictment), for a total of 27 days, is chargeable to the People. The People concede the first two days are chargeable to them and, as to the remaining 25, they assert in their reply brief that they "no longer argue that this time should have been excluded".

On September 9, 1986 (date of arraignment on the indictment), the matter was adjourned to September 26, 1986. The record does not support the People's position that it was adjourned for plea negotiations *(see, People v Berkowitz,* 50 NY2d 333).

On November 21, 1986, the matter was adjourned until November 24, 1986, to discuss the People's position of bringing a superseding indictment. This period of three days is not chargeable to the People (CPL 30.30 [4] [a]).

On December 5, 1986, a superseding indictment was filed and defendant was arraigned on that indictment on December 15, 1986. This period of 10 days is also chargeable to the People.

On February 2, 1987, the People requested an adjournment and the case was put over until February 19, 1987. The fact that defense counsel filed a notice of actual engagement for February 5, 1987 is irrelevant. This period of 17 days is chargeable to the People.

On April 2, 1987, the court was not in session and the matter was put over until April 15, 1987. "[T]he unavailability of the court due to vacation or for its own convenience" is not chargeable to the People since "CPL 30.30, although entitled 'Speedy trial', really addresses prosecutorial, not court, readiness" *(People v Tavarez,* 147 AD2d 355, 356). Therefore, this period of 13 days is not chargeable to the People.

On April 15, 1987, the People requested an adjournment, they contend, for two weeks, and the court adjourned it an additional nine days for the court's convenience. This is disputed by defendant. The minutes of April 15, 1987 are not a part of the appendix. The People have not met their burden to show that the nine days should be excluded *(People v Berkowitz, supra,* at 348-349). Therefore, the entire 23 days is chargeable to the People.

On May 8, 1987, the People requested an adjournment. Although the People asked for a two-week adjournment, the court asked for a "speedy trial date" and adjourned the matter to June 26, 1987, specifically noting on the record that the People could move the case up at any time before that date. This placed the burden on the People to come forward when they were ready.

On June 26, 1987, the People first told the court that they filed a statement of readiness with the court on June 24, 1987. However, a statement of readiness is not sufficient unless it appears on the trial court's record. "This requires either a statement of readiness by the prosecutor in open court, transcribed by a stenographer, or recorded by the clerk or a written notice of readiness sent by the prosecutor to both defense counsel and the appropriate court clerk, to be placed in the original record" *(People v Kendzia,* 64 NY2d 331, 337). This was not done here and, therefore, the entire 49 days is chargeable to the People. Even if we accept June 24th as the date the People indicated their readiness, a total of 47 days would be chargeable to the People.

The remaining adjournment periods, totaling 53 days chargeable to the People, are not in issue. Adding the 53 days to the 143 (or 141) days we find chargeable brings the total to 196 (or 194) days, clearly in excess of the six months (184 days) prescribed by CPL 30.30. Concur—Milonas, Asch and Smith, JJ.

Kupferman, J. P., and Sullivan, J., dissent in a memorandum by Kupferman, J. P., as follows: 184 days' delay being permitted (CPL 30.30) the defendant contends that the delay

was 28 days above the allowable limit in that the People were responsible for 212 days of delay. While initially contending that there were only 99 days of delay, the People concede 134 days.

On May 8, 1987, the People asked for "a couple of weeks" adjournment on the basis that one of the witnesses was unavailable.

The court asked that a "speedy trial date" be selected and then adjourned the case until June 26th, suggesting that, if the People were not ready by that date, the case would be subject to a motion to dismiss, but also stating that the People could submit a written notice of readiness at any time prior to June 26th. Counsel for the defendant was present and merely asked that if the date were moved up, he be sufficiently informed so that the defendant could be ready for trial. The People filed a notice of readiness on June 24th.

Aside from the fact that there was apparently general acquiescence to June 26th being the cutoff date, the People asked merely for a two-week adjournment, not the 49 days that the court affixed. The People should not be charged with the court's timing. *(See, People v Tavarez,* 147 AD2d 355.) Deducting 14 days from the 49 days leaves 35 days of delay, thus reducing the delay chargeable to the People below the allowable limit. It is, therefore, unnecessary to consider the earlier periods of delay which are in dispute.