■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NEVILLE DORSETT, Appellant.—Judgment, Supreme Court, New York County (Howard E. Bell, J.), rendered November 8, 1990, convicting defendant, after a jury trial, of attempted robbery in the third degree, and sentencing him as a second felony offender, to an indeterminate term of imprisonment of 2 to 4 years, unanimously affirmed.

Contrary to defendant's claim, the arresting officer's statement that he "knew the defendant" did not obviate the need to produce defendant before the victims for a showup identification. The officer was entitled to establish defendant's involvement in the crime in order to determine the existence of "reasonable assurances that [he had] arrested or detained the right person" and the fact that defendant appeared to be handcuffed when identified at the showup does not warrant suppression of the identification evidence *(People v Duuvon,* 77 NY2d 541, 545). Further, we note that the identification by the second victim was made within 15 minutes of the attempted robbery without aid from the police officer.

We have reviewed the defendant's remaining arguments and find them to be without merit. Concur—Murphy, P. J., Sullivan, Rosenberger, Wallach and Rubin, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RAYMOND MEDINA, Respondent.—Order, Supreme Court, Bronx County (Joseph A. Mazur, J.), entered May 6, 1991, which granted defendant's CPL 30.30 motion to dismiss the indictment, unanimously affirmed.

The 56-day time period between August 6 and October 1, 1990 was properly charged to the People since the court clerk's failure to produce the court file on three different adjourn dates for the arraignment did not prevent the People from making an affirmative representation of their readiness pursuant to CPL 30.30 (1) *(People v Kendzia,* 64 NY2d 331, 337; *see also, People v Correa,* 77 NY2d 930). Concur—Murphy, P. J., Sullivan, Rosenberger, Wallach and Rubin, JJ.