■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. NANCY SYKES, on Behalf of PABLO RODRIGUEZ, Appellant, v GERALD MITCHELL, as Acting Commissioner of the Department of Correction, Respondent.—Judgment denominated an order of Supreme Court, New York County (Herbert J. Adlerberg, J.), entered March 17, 1992, denying a petition for writ of habeas corpus, reversed on the law, the writ is granted, and the detainee is ordered released and continued on bail as fixed in the interim order of a Justice of this court on March 18, 1992, without costs.

The detainee was arrested on January 31, 1991 on a charge of criminal possession of a controlled substance in the fourth degree, and was committed to custody after arraignment two days later, in lieu of $1,000 bail. A year later he moved for relief under CPL 30.30 (2) (a), which requires release from custody where the People are not ready for trial of a felony within 90 days of commitment to custody. The motion was denied, and this appeal is from subsequent denial of a petition for writ of habeas corpus.

Three hundred eighty-two days elapsed between the detainee's commitment and the date of the "30.30" motion, the first 26 of which (from commitment to arraignment on the indictment) were concededly chargeable to the People. The next 133 days were excludable as attributable to pre-trial motion practice (CPL 30.30 [4] [a]).

On the next three calendar calls, in July and August 1991,

the People were not ready and asked for adjournments ranging from 8 to 16 days each. On each occasion the court not only granted the request but extended the requested adjournment period by anywhere from 8 to 17 days, because of calendar congestion. Thus, requests for adjournments of 8, 11 and 16 days resulted in adjournments of 25, 21, and 24 days, respectively.

Finally, on September 19, the People announced their readiness for trial. But this time the defense was not ready, and the case was adjourned once again, to October 15.

On each of the next six calendar calls, through February 6, 1992, the People were again not ready to proceed, and again adjournments were granted, albeit in excess of the delays requested on each occasion. Two of those adjournments, accounting for a total of 48 days, were for legitimate, exceptional circumstances involving the unavailability of police witnesses by reason of line-of-duty injuries, and those delays were thus excludable (CPL 30.30 [4] [g]). On the four other calendar calls after September 19, the People sought delays of 7, 7, 8 and 7 days; but because of calendar congestion, the court extended those adjournments a total of 50 additional days, to 15, 23, 28 and 13 days, respectively.

Two issues are raised on this appeal. The first is whether the periods by which the court extended the People's requested adjournments were rightfully excludable, inasmuch as the People had not asked for that extra time. The second is whether *any* delay is chargeable to the People following their announcement of readiness on September 19, 1991. Should the People prevail on both issues, only 61 of the 175 days at issue would be chargeable, thus falling short of the statutory threshold for a speedy trial motion.

Between July 11 (when hearings and trial were to commence) and September 19 (when the People first announced "ready"), a period of 70 days, there were three calls of the calendar at which the People were not ready to proceed and requested adjournments totaling 35 days. On each occasion the court granted more than the time requested. The People thus argue that the additional 35 days should be excludable. As a general proposition, the law is contrary to that view. A *sua sponte* adjournment period not otherwise excludable is chargeable to the People *(People v Meierdiercks,* 68 NY2d 613; *see, People v Palacios,* 79 NY2d 897, *revg* 173 AD2d 745). Court congestion does not prevent a prosecutor from being ready for trial *(People v Correa,* 77 NY2d 930). The fact that calendar congestion may compound the delay of trial does not excuse

the People's failure to be ready to proceed in a timely fashion *(People v Brothers,* 50 NY2d 413). If a party requesting adjournment gets more than it asked for, due to court congestion, it should bear the burden of additional delay. An exception to that rule would be where the party requesting adjournment is actually ready to proceed at the next calendar call, where a reasonable argument could be made that said party would have been ready on the date originally requested for adjournment.

By this analysis, the full 25- and 21-day adjournments, as well as the first 16 days of the 24-day adjournment, are chargeable to the People. When added to the 26 days of commitment preceding arraignment on the indictment, that totals 88 days of delay, which renders crucial our focus on the second issue, namely, the effect of the 153 days of delay occurring after September 19.

Once a prosecutor announces readiness for trial, the operational effect of CPL 30.30 is exhausted, and delays due to court congestion notwithstanding that readiness should thus be excludable *(see, People v Brothers, supra,* at 417, interpreting *People ex rel. Franklin v Warden,* 31 NY2d 498). Under this analysis, *sua sponte* extensions of requested adjournments due to court congestion following a prosecutor's announcement of readiness should be excludable. Subtracting the 50 additional days of *sua sponte* extensions, the 48 days excludable for "exceptional circumstances", and the 26 days attributable to defense unreadiness, that still leaves a total of 29 days of post-announcement delay requested by the People, which would be enough to cross the 90-day threshold and trigger the right to relief on a speedy trial motion. Indeed, we note that even the People's first request for a 7-day adjournment following the announcement of readiness would alone have been enough to cross that threshold.

The outcome thus turns on a determination whether all delays occasioned by prosecutorial failure following an initial announcement of readiness are automatically excludable. We reject that notion. An initial declaration of readiness does not end the People's continuing obligation to be ready for trial, or permanently deprive a defendant of his right to move for speedy trial relief. Subsequent requests for delay, if not excludable under CPL 30.30 (4), are indeed chargeable to the People. *(See, People v Liotta,* 79 NY2d 841; *People v McKenna,* 76 NY2d 59; *People v Anderson,* 66 NY2d 529.) Concur—Milonas, Rosenberger, Wallach and Ross, JJ.

Sullivan, J. P., dissents in a memorandum as follows: While

I agree that post-readiness delay chargeable to the People must be counted against them in calculating whether they are ready within the statutory period under CPL 30.30 (2), as well as CPL 30.30 (1) *(cf., People v Anderson,* 66 NY2d 529), it does not follow that petitioner is entitled to relief in this case.

The time began to run under CPL 30.30 (2) on February 2, 1991, when petitioner was arraigned on a felony complaint and remanded. As found by the trial court, the 26 days until February 28, 1991, when petitioner was arraigned on the indictment, were chargeable to the People. No further delay was chargeable to the People from February 28 to July 11, 1991; there is no dispute that the 105-day period from February 28 to June 13, 1991, while motion practice was taking place, was properly excluded (CPL 30.30 [4] [a]; *see, e.g., People v Worley,* 66 NY2d 523, 527). On June 13th, a *Mapp/Huntley* hearing was ordered and the case adjourned to July 11, 1991 for a hearing and trial. Under *People v Green* (90 AD2d 705), this period was found excludable as a reasonable time for the People to prepare for the hearings.

Of the 70-day period between July 11, when the hearing and trial were to commence, and September 19, 1991, when they answered ready for trial, the People were properly charged with an additional 35 days of delay. On July 11th, the People requested an adjournment of eight days; the court adjourned the case for 25 days, until August 5th, but properly charged the People only with the eight-day delay they requested. On August 5, the case was adjourned for 21 days, but the People were properly charged with only the 11-day delay they had requested. On August 26, the court adjourned the case 24 days, until September 19th, but again charged the People only with the 16 days they had requested. Thus, on September 19, 1991, when the People first answered ready, they were chargeable with 61 days of delay—26 days from commitment on arraignment on the felony complaint until arraignment on the indictment, and 35 days which were requested by the People.

As to the post-readiness periods of delay after September 19, 1991, since the discussions of the matter took place at the bench, the record is unclear whether, in denying the petition, the habeas corpus court, like the hearing court, refused to consider any delays after the People's announcement of readiness or instead considered the delays and determined that the additional time chargeable to the People did not bring them outside the statutory period. Since petitioner made no attempt to place the content of these discussions on the record, he has

failed to provide a record, and appellate review of any disputed post-readiness adjournments is precluded. *(People v Kinchen,* 60 NY2d 772, 774.)

Even if the post-readiness period is considered, petitioner cannot show entitlement to the relief he seeks. In responding to petitioner's CPL 30.30 motion, the People conceded that they were chargeable with an additional 29 days of post-readiness delay. On October 15, November 19 and December 12, 1991 as well as February 6, 1992, the People stated they were not ready and requested a brief adjournment. If the time they requested is charged to them, they are chargeable with only 90 days of delay from the time of commitment until the filing of the CPL 30.30 motion. Thus, the petition is premature and should be denied.

In granting the writ, the majority holds that "[i]f a party requesting adjournment gets more than it asked for, due to court congestion, it should bear the burden of additional delay" except where the party requesting the adjournment "is actually ready to proceed at the next calendar call, where a reasonable argument could be made that said party would have been ready on the date originally requested for adjournment." As this Court has frequently stated, however, neither court congestion, court unavailability, nor delays for court convenience are chargeable to the People; CPL 30.30 is concerned with prosecutorial, not court, readiness. *(People v Correa,* 161 AD2d 391, 392, *affd* 77 NY2d 930; *People v Tavarez,* 147 AD2d 355, 355-356, *lv denied* 73 NY2d 1022.)

In ruling otherwise in the instant matter as to pre-readiness delay, the majority, citing *People v Correa* (77 NY2d 930, *supra),* holds that court congestion does not prevent a prosecutor from being ready for trial. Although *Correa* does contain some language to that effect, it concerned the period of time from the inception of the case until the People secured and arraigned the defendant upon an accusatory instrument. In such cases, the court often sets a lengthy adjourned date to permit the prosecutor sufficient time to secure and file an indictment, without which the case can proceed no further, and because further calendaring would be a waste of judicial resources. And, of course, securing an indictment is a matter uniquely and exclusively within the control of the People, who may proceed irrespective of the action of the defendant and the court *(cf., People v Sturgis,* 38 NY2d 625, 628). It makes eminent good sense, in such circumstances, to fix responsibility on the People to obtain the indictment and then advance the case on the calendar for arraignment and hold them

accountable for any delay in failing to do so. In *People v Brothers* (50 NY2d 413, 415), also relied upon by the majority, for instance, the case was placed on a "ready reserve" calendar for almost a year, during which the People did nothing to move the case. Since the People could have stated their readiness and, at any time, had the case restored to active status, they were properly charged with the delay. Similarly, neither the absence of the court file *(People v Medina,* 182 AD2d 507) nor the defendant's lack of an attorney due to court failure *(People v Cortes,* 175 AD2d 171, *lv granted* 78 NY2d 1126) prevented the People from being ready on those particular occasions; thus, the resulting adjournments were properly includable.

In contrast, when the court sets an adjourned date solely for its convenience, the People are effectively barred from proceeding to trial before that date, and the time should not be chargeable to them. CPL 30.30 should not be so arbitrarily construed as to require the court to adjourn the case only to the date requested by the People, irrespective of whether it could be heard on that date, or, in order to avoid having the additional time charged to them, require the People to file a statement of readiness, gather their witnesses and have the defendant produced on days on which, as they would know, the court was unwilling or unable to proceed to trial. The filing of a statement of readiness must mean more than the mere filing of a document; otherwise, it would render the requirement meaningless.

This case presents a clear example of a situation where the People were effectively prevented from proceeding to trial by adjournments ordered by the court for its own convenience. In each instance in issue, they asked for a specific short adjournment, indicating an ability to be ready for trial on the date requested. The court, however, refused to adjourn the case to the requested date and adjourned it to a further date to accommodate its own schedule, thus signifying its unwillingness to hear the case on any earlier date. It surely would have been an exercise in futility for the People to have filed a readiness statement and to assemble their witnesses or taken similar steps, knowing that the court was not available to try the case during this period.

Thus, both the hearing and habeas corpus courts were correct when they found that, when the People request a particular date for adjournment and the court sets a later date solely for its own convenience, the additional period should not be charged to them.