(December 8, 1992)

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOHN SMITH, Respondent.—Order, Supreme Court, New York

County (Daniel P. FitzGerald, J.), entered on November 1, 1991, affirmed for the reasons stated by FitzGerald, J. Concur —Murphy, P. J., Rosenberger and Rubin, JJ.

Sullivan and Kassal, JJ., dissent in a memorandum by Sullivan, J., as follows: Although mindful of *People ex rel. Sykes v Mitchell* (184 AD2d 466), I believe that the facts of this case, at least in one major respect, are distinguishable. Specifically, I find the charging to the People of the 40 days beyond the date to which they requested an adjournment, a period necessitated by the court's vacation schedule, to be unjustified in law or logic. Such a finding makes a mockery of the speedy trial rule, which was never intended to charge court unavailability or a court's vacation schedule to the People. As has been said time and again, neither court congestion, court unavailability, nor delays for court convenience are chargeable to the People; CPL 30.30 addresses prosecutorial, not court, readiness. *(People v Tavarez,* 147 AD2d 355, 355-356, *lv denied* 73 NY2d 1022; *People v Green,* 90 AD2d 705, 706; *see also, People v Correa,* 161 AD2d 391, 392, *affd* 77 NY2d 930.)

Nor is it any answer to say the People could have filed a certificate of readiness during the court's absence for vacation. If answering "ready" means anything at all, other than the mere incantation of the word, there must be a court in session. A proper allocation of the 40 days in question would result in the reinstatement of the indictment.

Accordingly, I dissent and would reverse and reinstate the indictment.