■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT HOLLEY, Appellant. [595 NYS2d 206] —Judgment, Supreme Court, New York County (Ira F. Beal, J.), rendered May 1, 1990, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree (Penal Law § 220.39), and sentencing him, as a second felony offender, to an indeterminate term of imprisonment of from 4-½ to 9 years, unanimously reversed, and the indictment dismissed. The matter is remitted to the trial court for the purpose of entering an order in favor of the accused pursuant to CPL 160.50, not less than 30 days after service of a copy of this Court's order upon the respondent, with leave during this 30-day period to respondent to move and seek any further stay of the implementation of CPL 160.50 as in the interest of justice is required.

By Indictment No. 8901/88, filed October 7, 1988, defendant was charged with one count of criminal sale of a controlled substance in the third degree. Following a jury trial commenced on March 9, 1990, defendant was found guilty and, on May 1, 1990, was sentenced as aforenoted. The sole issue on appeal is whether defendant's motion to dismiss the indictment pursuant to CPL 30.30 was properly denied. Upon examination of the available transcripts, we have made independent calculations of the time periods in issue, and conclude that a period in excess of the 181-day limitation was chargeable to the People.

In reaching this determination, we have carefully considered the assertions of both sides with respect to various disputed time periods. The People concede that a total of 158 days were chargeable to them for the purposes of CPL 30.30. However, our review of both pre-readiness and post-readiness delays reveals that at least 28 additional days, which extend

the period beyond the 181 days in which the People must be ready for trial *(see,* CPL 30.30 [1] [a]), are includable.

Fourteen days, consisting of the period February 15, 1989 through March 1, 1989 may not, under the provisions of CPL 30.30 (4) (b), be excluded from the computation, because they represent an adjournment granted to defendant in the absence of his attorney, and without his having been advised by the court of his statutory speedy trial rights. A second 14-day period, from May 2, 1989 through May 16, 1989, was also chargeable to the prosecution, which concedes that it was not ready for trial on May 2, 1989, and that it requested a two-week adjournment. Whether or not counsel for the codefendant was on trial elsewhere on May 2 is irrelevant; the time is includable because the People were not ready *(see, People v Liotta,* 79 NY2d 841; *People v Hamilton,* 46 NY2d 932, 933-934).

In light of these chargeable periods which, when added to the undisputed period of 158 days, result in a total exceeding 181 days, we need not address further disputed periods of time to reach our conclusion that defendant's statutory speedy trial rights were violated, and that reversal and dismissal of the indictment is required. Concur—Carro, J. P., Ellerin, Wallach, Kassal and Rubin, JJ.