■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KIRK ROBINSON, Appellant. [619 NYS2d 666] —Appeal by the defendant from a judgment of the Supreme Court, Queens

County (Beerman, J.), rendered September 12, 1991, convicting him of robbery in the second degree, criminal possession of a weapon in the third degree, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing, of the defendant's motion to dismiss the indictment pursuant to CPL 30.30.

Ordered that the matter is remitted to the Supreme Court, Queens County, to hear and report on the defendant's speedy trial motion, and the appeal is held in abeyance in the interim. The Supreme Court is to file its report with all convenient speed.

We agree with the defendant that a hearing should be held to resolve certain factual issues related to his motion to dismiss the indictment on speedy trial grounds (*see,* CPL 210.45). The record on appeal is inadequate for us to determine whether certain adjournments were excludable for reasons other than delays caused by the court or court congestion (*see, People v England,* 84 NY2d 1, 4; *People v Smith,* 82 NY2d 676, 678; *People v Correa,* 77 NY2d 930, 931; *People v Meierdiercks,* 68 NY2d 613, 614-615; *People ex rel. Sykes v Mitchell,* 184 AD2d 466, 467-468). Furthermore, the Supreme Court erred in failing to hold a hearing with regard to that period of delay occasioned by the refusal of the People's police witness to testify due to a measles epidemic at the correctional facility where the defendant was being held, in order to determine whether the delay constituted exceptional circumstances (*see, People v Zirpola,* 57 NY2d 706, 708).

Accordingly, the matter is remitted for a hearing on the defendant's speedy trial motion in order to provide an adequate record for appellate review. We pass on no other issue at this time. Bracken, J. P., Miller, Lawrence and Santucci, JJ., concur.