■ The People of the State of New York, Appellant, v James Fields, Respondent. [625 NYS2d 483] —Order, Supreme Court, Bronx County (Elbert Hinkson, J.), entered March 8, 1993, granting defendant's CPL 30.30 motion for dismissal of Indictment No. 3769/91, charging defendant with robbery in the first degree and related counts, unanimously affirmed.

As the People failed to argue before the motion court that defendant's written CPL 30.30 motion did not set forth adequately specific allegations of fact to require a response, but rather addressed the motion on the merits, the People have waived any claim that the moving papers did not provide an adequate basis for response (see, People v Mezon, 80 NY2d 155, 160). In any event, as defendant's written motion alleged more than a six-month unexcused delay between the filing of the accusatory instrument herein and the People's readiness for trial, the burden properly shifted to the People to show that specific periods should be excluded (People v Santos, 68 NY2d 859, 861). Further, once the written motion and response papers were before the motion court, the court properly considered defendant's reply affirmation, which served to assist the court in clarifying the issues.

We reject the People's claim that a statement included in a two-page form entitled "Notices and Voluntary Disclosure Form", filed on the date of defendant's arraignment on the indictment, served as "the functional equivalent of a certificate of readiness". The form statement that "the People of the State of New York have prepared this case and are ready for trial, subject to the court setting a date certain for trial in order to notify our witnesses", included in a basic form apparently prepared prior to arraignment, cannot reasonably be deemed to constitute the required affirmative representation of readiness, conveying "an indication of present readiness" (People v Kendzia, 64 NY2d 331, 337). However, the People did make an effective announcement of present readiness in open court, on the record, on January 30, 1992 (more than nine months after commencement of the action).

The record indicates that the following time periods are properly chargeable to the People.

April 16, 1991 through June 3, 1991: 49 days chargeable to the People, between commencement of the action and defendant's arraignment on the indictment, conceded by the People.

June 4, 1991 through July 11, 1991: 38 days chargeable to the People, as defendant did not expressly consent to this prereadiness adjournment (People v Liotta, 79 NY2d 841).

October 18, 1991 through November 21, 1991: 35 days chargeable to the People, as defendant did not expressly consent to this prereadiness adjournment (supra).

November 22, 1991 through December 19, 1991: 28 days chargeable to the People. Although the People requested only a two-week adjournment, as defendant did not formally consent to the adjournment granted or participate in setting the adjourned date, the People are charged with this entire prereadiness adjournment (People v Smith, 82 NY2d 676, 678).

December 20, 1991 through January 30, 1992: 42 days chargeable to the People. Although the People requested a one-day adjournment, as defendant did not formally consent to the adjournment granted or participate in setting the adjourned date, the People are charged with this entire prereadiness adjournment (supra).

April 11, 1992 through May 6, 1992: 26 days chargeable to the People. The record indicates only that the case was adjourned in the absence of the parties. The People conceded at trial level that they were not ready to proceed and had requested a one-week adjournment. However, as the People have failed to satisfy their burden of providing a clear record of the proceedings at which the adjournment was actually granted, they must assume responsibility for the entire postreadiness delay (People v Cortes, 80 NY2d 201, 215-216).

June 5, 1992 through June 11, 1992: seven days chargeable to the People. The record indicates that the People requested a one-week adjournment, and the court granted a further adjournment at defense counsel's specific request. Thus, the People are properly charged only with the seven-day postreadiness adjournment requested (see, People ex rel. Sykes v Mitchell, 184 AD2d 466, 468).

June 23, 1992 through June 29, 1992: seven days chargeable to the People. Although the record indicates that defense counsel was not present, as the People indicated on the record that they were not ready, the presence of defense counsel is irrelevant to the determination that this postreadiness ad-

journment period is chargeable to the People *(People v Holley,* 191 AD2d 401, 402, *lv denied* 81 NY2d 1074).

August 21, 1992 through August 24, 1992: four days chargeable to the People. Because the People have failed to provide a clear record of the basis for this postreadiness adjournment, they are properly charged therewith *(People v Liotta, supra).*

August 25, 1992 through August 26, 1992: two days chargeable to the People. The record indicates that the People were not ready to proceed and requested a two-day postreadiness adjournment. However, the court granted a further adjournment period at defense counsel's specific request. Thus, the People are properly charged only with the two-day adjournment period requested *(see, People ex rel. Sykes v Mitchell, supra).*

September 4, 1992 through September 10, 1992: seven days chargeable to the People, as attributable to postreadiness adjournments requested by the People, and as conceded by the People.

September 12, 1992 through October 20, 1992: 39 days chargeable to the People, as attributable to postreadiness adjournments requested by the People, and as conceded by the People.

As the time properly chargeable to the People exceeds the 183-day period allowable under CPL 30.30, the motion court properly granted defendant's speedy trial motion and dismissed the indictment. Concur—Murphy, P. J., Wallach, Asch, Nardelli and Mazzarelli, JJ.