■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ROBERT SANTANA, Respondent. [649 NYS2d 470] —Appeal by the People from an order of the Supreme Court, Kings County (Marrus, J.), dated May 26, 1995, which granted the defendant's motion pursuant to CPL 30.30 (1) (a) to dismiss the indictment on the ground that he was denied a speedy trial.

Ordered that the order is reversed, on the law and the facts, the motion is denied, the indictment is reinstated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings on the indictment.

The People contend that the Supreme Court erred in charging the People with 76 days of delay from November 15, 1994, to January 30, 1995. They claim that they undisputedly announced their readiness for trial on July 27, 1994, and the adjournment from November 15, 1994, to January 30, 1995, occurred solely for reasons that did not render the People not ready for trial. We agree.

It is well settled that postreadiness delays which do not directly implicate the People's ability to proceed to trial are not chargeable to the People (*see, People v Cortes,* 80 NY2d 201, 210; *People v Anderson,* 66 NY2d 529). In the instant case, the People's announcement of readiness on July 27, 1994, is not disputed and there is no evidence in the record that their announcement was not made in good faith or did not reflect an actual present state of readiness (*see, People v Kendzia,* 64 NY2d 331, 338; *People v Tavarez,* 147 AD2d 355, 366; *People v Rhee,* 111 AD2d 655, 656). The People's subsequent statement on January 30, 1995, that they were not ready for trial on that date did not warrant the conclusion that they had not been ready for trial on a previous court date, specifically, November 15, 1994 (*see, People v Tavarez,* 147 AD2d 355, 355-356, *supra*). The statement on January 30, 1995, that the People were not then ready did not retroactively invalidate an earlier and otherwise valid statement of readiness (*see, People v Tavarez, supra*). Therefore, we disagree with the determination that the 76 days in question were chargeable to the People. When that time is deducted from the 196 days charged against the People, the time chargeable to them does not exceed the six months permitted by statute (*see,* CPL 30.30). Accordingly, the defendant's speedy trial motion should have been denied. It is therefore unnecessary under these circumstances to consider a later period of delay which is also in dispute. Thompson, J. P., Pizzuto, Goldstein and Luciano, JJ., concur.