■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARNELL WATSON, Appellant. [681 NYS2d 36] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Browne, J.), rendered May 15, 1996, convicting him of resisting arrest, failure to obey official roadway markings, reckless driving, and making an improper turn, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court's finding that the People's postreadiness delay was attributable in part to the fact that the court was not in session during the Christmas and New Year's holidays is borne out by the record (*cf., People v Collins,* 82 NY2d 177). Such postreadiness delay cannot be charged to the People (*see, People v Goss,* 87 NY2d 792, 797; *People v McKenna,* 76 NY2d 59, 63; *People ex rel. Sykes [Rodriguez] v Mitchell,* 184 AD2d 466). An additional two-day period of postreadiness delay did not warrant dismissal pursuant to CPL 30.30, because "a less corrective action, such as preclusion or continuance, would have been available had the People's postreadiness default occurred during trial" (*People v Anderson,* 66 NY2d 529, 534). Accordingly, the defendant's motion to dismiss the indictment pursuant to

CPL 30.30 was properly denied. Rosenblatt, J. P., Ritter, Copertino and McGinity, JJ., concur.