■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH ODOM, Appellant. [878 NYS2d 91]—Appeals by the defendant from two judgments of the Supreme Court, Queens County (Kron, J., at plea; Griffin, J., at sentencing), both rendered September 20, 2006, convicting him of robbery in the second degree under indictment No. 1575/05, and attempted robbery in the first degree under indictment No. 2091/05, upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

In 2000 the defendant was convicted, in New York County, upon his plea of guilty, of robbery in the second degree, a violent felony offense (*see* Penal Law § 70.02 [1] [b]). In July 2006, during a proceeding in Queens County, at which he pleaded guilty and was adjudicated a second violent felony offender in the two matters before us, the defendant was given the opportunity, as required by CPL 400.15, to controvert the use of his 2000 conviction as a predicate violent felony offense (*see* CPL 400.15 [3]). He admitted the 2000 conviction and expressly declined to raise any claim in Queens County that it was unconstitutionally obtained.

On appeal, the defendant argues that his adjudication as a second violent felony offender was improper by virtue of the fact that, when he pleaded guilty in New York County in 2000, he was not advised that a period of postrelease supervision would be a part of the sentence imposed. He contends that, as such, the 2000 conviction was entered on a plea of guilty that was not knowingly, voluntarily, and intelligently made, and that, therefore, it could not serve as a predicate violent felony convic-

tion. Having failed to challenge the constitutionality of the 2000 conviction at the predicate felony proceeding held at the time he pleaded guilty in the matters before us, the defendant waived his current claim (*see* CPL 400.15 [7] [b]; *People v Cruz*, 56 AD3d 570 [2008]; *cf. People v Catu*, 4 NY3d 242, 245 [2005]). Skelos, J.P., Fisher, Leventhal and Lott, JJ., concur.