*500 OPINION OF THE COURT
Sondea K. Paedes, J.
The People’s motion, pursuant to CPLR 2221, for leave to reargue the decision of this court, dated March 9, 2010, granting the defendant’s motion to dismiss pursuant to CPL 30.30, is granted and upon reargument, the court adheres to its original decision.
The defendant in this action was arraigned on December 5, 2007 and charged with, inter alia, violating Vehicle and Traffic Law § 1192 (2), a misdemeanor punishable by up to one year in jail. Therefore, the People were required to be ready for trial within 90 days of the commencement of the action, pursuant to CPL 30.30 (1) (b). On or about December 28, 2009 the defendant moved to dismiss this action based on the fact that the defendant had been denied his right to a speedy trial.
In its decision dated March 9, 2010, this court found that the People must be charged with a least 161 days pursuant to CPL 30.30 and the court granted the defendant’s motion to dismiss this action.
In response to the initial motion to dismiss, the People had acknowledged that they should be charged with “approximately seventy-six (76) days.”
In the instant motion to reargue the People assert that the court erred in charging the People with the time period from December 12, 2008 (sic) to March 12, 2009. The People assert that the People and the defendant were ready for trial on December 12, 2008 (sic) and the case was adjourned because the Judge was “unavailable” on that date. (The court notes that the actual period of adjournment was from December 16, 2008 to March 12, 2009 [86 days].)
The People argue that “ [i]t is also well-settled that ‘the unavailability of the court due to vacation or for its own convenience’ is not chargeable to the People since ‘CPL 30.30, although entitled “Speedy trial,” really addresses prosecutorial, not court, readiness.’ (People v Tavarez, 147 AD2d 355, 356-357 [1st Dept 1989]; see also People v Anderson, 66 NY2d 529, 535 [1985].)”
The court finds that the People have misconstrued the legal principle articulated in Tavarez and Anderson. In those cases the court addressed “post-readiness delays,” i.e., delays that occurred after the People had announced their actual readiness for trial.
*501 In the instant case, this court found that the People failed to announce their readiness for trial on the record on December 16, 2008 and noted that they did not serve a certificate of readiness prior to March 12, 2009. In fact, the People did not serve a certificate of readiness until May 12, 2009.
In support of the prior motion, the defense attorney described the circumstances surrounding the adjournment on December 16, 2008. He stated that at a bench conference the prosecutor stated that “the Prosecution was not ready as no trial had been anticipated due to the lack of jurors for the week.” The defendant “waived his right to a jury trial so as to ensure that the matter could proceed.” The prosecutor then agreed to check on the availability of his witnesses and defense counsel left the courtroom to attend to a case in another part. When defense counsel returned to the courtroom the case was called again and the entire transcript of the record reads as follows:
“the clerk: Three, Oscar Jacobs.
“mr biancanello: Dennis Biancanello, 500 Jericho Turnpike Suite 2, Mineóla, New York.
“the court: We have no jurors. I know you were going to waive the jurors and do a bench trial. Based on scheduling, I don’t think I can frankly do it. I don’t want to put it over. We are closed next week.
The easiest and safest thing to do is put it over to March 12th.
“mr biancanello: People’s time?
“the court: My time.
“mr biancanello: Making sure.
“the court: People are ready, I can’t do it.
“the clerk: March 12th.”
This court found that “there was no statement by the People, on the record, that they were ready for trial on December 16, 2008.” This court held that, notwithstanding the fact that the case was adjourned by another judge of this court, “based on the court’s congested calendar, the People were not absolved of their obligation to be ready for trial within the time contemplated by the statute.”
The People argue in support of the instant motion:
“that a proper statement of readiness was declared due to:
“a. the clear, unequivocal and affirmative representation by the Honorable Robert Spergel of the *502 People’s readiness in open court;
“b. the transcription of said representation for the record by the court reporter; and
“c. defense counsel’s presence for said statement of readiness.
“Accordingly, due to the clarity of the record of said proceedings, the People submit that the burden of announcing their present sense of readiness of trial was met on December 16, 2008.”
The court notes however that the People failed to submit any authority for their claim that the “affirmative representation by the [Judge] of the People’s readiness in open court” satisfied the People’s obligation to declare their readiness for trial on December 16, 2008.
The Court of Appeals clearly articulated the manner in which the People must establish their readiness for trial to satisfy the requirements of CPL 30.30:
“[R]eady for trial in CPL 30.30 (1) encompasses two necessary elements. First, there must be a communication of readiness by the People which appears on the trial court’s record. This requires either a statement of readiness by the prosecutor in open court, transcribed by a stenographer, or recorded by the clerk or a written notice of readiness sent by the prosecutor to both defense counsel and the appropriate court clerk, to be placed in the original record. As the prosecutor must make an affirmative representation of readiness, he may not simply rely on the case being placed on a trial calendar” (People v Kendzia, 64 NY2d 331, 337 [1985] [citations omitted]).
In this case the People failed to make any representation, at all, on the record on December 16, 2008.
“[I]t is the People’s burden to ensure, in the first instance, that the record of the proceedings at which the adjournment was actually granted is sufficiently clear to enable the court considering the subsequent CPL 30.30 motion to make an informed decision as to whether the People should be charged” (People v Cortes, 80 NY2d 201, 215-216 [1992] [citations omitted]).
Moreover, it is uncontroverted that the People did not actually serve a certificate of readiness in this case until May 12, 2009.
Accordingly, after considering the papers submitted with respect to this motion, the court finds that the People failed to *503 demonstrate that the court misconstrued the law or any fact in relation to this case, and the court adhere’s to its original decision to grant the defendant’s motion to dismiss this action.