■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL MCCARTHY, Appellant. [47 NYS3d 41]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lewis, J.), rendered July 6, 2011, convicting him of assault in the second degree and criminal possession of a weapon in the fourth degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was arraigned on a felony complaint on September 12, 2009. On November 12, 2009, the People filed a certificate of readiness, but the matter was adjourned multiple times at the People's request until the defendant filed a motion on December 22, 2010, pursuant to CPL 30.30 to dismiss the indictment for violation of his statutory right to a speedy trial. The motion was denied without a hearing.

Pursuant to CPL 30.30 (1) (a), the Supreme Court must grant a motion to dismiss an indictment charging a felony offense where the People are not ready for trial within six months after the commencement of the criminal action, which, in this case, consists of a period of 181 days. Once the People announce that they are ready for trial, postreadiness delay is chargeable to them only "when the delay is attributable to their inaction and directly implicates their ability to proceed" (*People v Carter*, 91 NY2d 795, 799 [1998]; *see People v Anderson*, 66 NY2d 529, 534-536 [1985]). Therefore, with respect to postreadiness delay, in contrast to prereadiness delay, "any period of an adjournment in excess of that actually requested by the People is excluded" (*People v Young*, 110 AD3d 1107, 1107-1108 [2013]; *see People v Lynch*, 103 AD3d 919, 920 [2013]).

The defendant does not dispute the Supreme Court's conclusion that, applying postreadiness rules to the delay that occurred after November 12, 2009, so as to exclude any period of an adjournment in excess of that actually requested by the prosecutor, the People were ready within the statutorily prescribed time period. Rather, the defendant challenges the court's conclusion that postreadiness rules were applicable because, the defendant contends, the November 12, 2009, statement of readiness was illusory. The People do not dispute that, if they were chargeable with all of the adjourned time under prereadiness rules, they would have exceeded 181 days.

"To be effective, a statement of readiness must be communicated . . . at a time when the People are truly ready to proceed" (*People v Carter*, 91 NY2d at 798; *see People v Chavis*,

91 NY2d 500, 505 [1998]; *People v Kendzia*, 64 NY2d 331, 337 [1985]). "A statement of readiness at a time when the People are not actually ready is illusory and insufficient to stop the running of the speedy trial clock" (*People v England*, 84 NY2d 1, 4 [1994]). The People's statement of readiness is presumed to be correct, "[i]n the absence of proof that the readiness statement did not accurately reflect the People's position" (*People v Carter*, 91 NY2d at 799; *see People v Caussade*, 162 AD2d 4, 12 [1990]; *see also People v Sibblies*, 22 NY3d 1174, 1180 [2014, Graffeo, J., concurring]).

Here, there is no evidence in the record that the People's announcement of readiness on November 12, 2009, was not made in good faith or did not reflect an actual present state of readiness (*see People v Brown*, 28 NY3d 392 [2016]; *People v Santana*, 233 AD2d 344, 345 [1996]; *People v Tavarez*, 147 AD2d 355, 356 [1989]). Accordingly, the Supreme Court properly denied the defendant's motion.

The defendant also argues that his adjudication as a second violent felony offender was improper because when he pleaded guilty to a prior charge of robbery in the second degree in Kings County, he was not advised that a period of postrelease supervision would be part of the sentence imposed. Accordingly, the defendant argues that his plea of guilty was not knowingly, voluntarily, and intelligently made, and it could not serve as a predicate violent felony conviction. The record demonstrates that the defendant was given an opportunity to challenge the constitutionality of this prior conviction at the time of his sentencing, however, he failed to do so. We therefore find that the defendant has waived his current claim (*see* CPL 400.15 [7] [b]; *People v Odom*, 61 AD3d 896 [2009]; *People v Cruz*, 56 AD3d 570 [2008]). Balkin, J.P., Hall, Miller and LaSalle, JJ., concur.