■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL D. CANALE, Appellant.—Mahoney, P. J. Appeal from a judgment of the County Court of Warren County (Moynihan, Jr., J.), rendered May 2, 1989, upon a verdict convicting defendant of the crime of criminal possession of marihuana in the first degree.

Defendant was charged with criminal possession of marihuana in the first degree for an incident in the Town of Queensbury, Warren County, on January 6, 1987. He was arraigned in the Town of Queensbury Justice Court on January 6, 1987 and the matter was adjourned so that he could retain counsel. He appeared on January 12, 1987, when his counsel made various discovery demands. He was scheduled to appear on March 9, 1987, but his counsel was given an adjournment until March 16, 1987. At that time, defendant appeared and an adjournment until April 13, 1987 was made. On that date, a preliminary hearing was scheduled for May 8, 1987, on which date defendant but no District Attorney appeared. Subsequently, defendant was indicted for criminal possession of marihuana in the first degree.

Although the People submitted a letter dated September 4, 1987 indicating their readiness for trial, County Court eventually determined that the People did not properly state their readiness until November 4, 1987. Nonetheless, in response to defendant's motion to dismiss the indictment and after a CPL 30.30 hearing, County Court found sufficient time chargeable to defendant so that the People stated their readiness in accordance with the statutory dictates. Defendant was tried, convicted as charged and sentenced to an indeterminate term of incarceration of 4 to 12 years. On this appeal, defendant

contends, *inter alia,* that he was denied his speedy trial rights as provided in CPL 30.30 (1) (a).

The People failed to state their readiness for trial within six months of the time that the accusatory instrument was filed and the felony action commenced against defendant *(see,* CPL 1.20 [17]; 30.30 [1] [a]). It remains to determine whether the delay was occasioned by or chargeable to defendant. Because of his requests for adjournments and motions, defendant is chargeable with the period from January 6, 1987 to March 16, 1987. The testimony of the Town Justice at the CPL 30.30 hearing as to the events surrounding the adjournments of March 16, 1987 and April 13, 1987 is inconclusive at best, as he was unable to state conclusively what transpired upon defendant's appearances on these dates. Defendant's attorneys, the only other witnesses at the CPL 30.30 hearing, clearly testified that any adjournments granted on March 16, 1987 and April 13, 1987, if not objected to, were not requested by or consented to by defendant. Thus, this time is not chargeable to defendant *(see, People v Meierdiercks,* 68 NY2d 613). We note that the People failed to call any witnesses at the CPL 30.30 hearing and, under such circumstances, it is difficult to agree with County Court that the People carried any burden of proof that they might have had. For similar reasons, there can be no dispute, as County Court found, that the People did not sustain any burden that they might have had of establishing that the time from May 8, 1987 until November 4, 1987 was chargeable to defendant. No argument is raised on this appeal concerning this time. Thus, it is evident that the People did not state their readiness for trial within six months of the commencement of the felony action and that CPL 30.30 (1) (a) was violated. The criminal charge against defendant therefore should be dismissed. This disposition makes it unnecessary to consider defendant's other contention on appeal.

Judgment reversed, on the law, and indictment dismissed. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.