■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ANTHONY LIOTTA, Respondent.—Order, Supreme Court, Bronx County (Vincent Vitale, J.), entered on or about December 19, 1989, which, after a hearing, granted the defendant's motion for dismissal of the indictment pursuant to CPL 210.20 on the ground that the prosecution has failed to meet the statutory burden imposed by CPL 30.30, affirmed.

The defendant was charged with hindering prosecution in the first degree in violation of Penal Law § 205.65. An indictment was filed on November 2, 1988. The defendant was arraigned on November 4, 1988. Appearances on the record began on February 27, 1989, and continued through a 7 day adjournment granted on October 4, 1989 without trial commencing. Of this time, Criminal Term charged 213 days to the People. We agree with the People that the time from May 17, 1989 through June 14, 1989 was improperly calculated as 31 days, rather than 28 days. Accordingly, we reduce the total number of days charged to 210. The People dispute 59 of these days.

Twenty-four days from February 27, 1989 through March 23, 1989 were properly charged to the People, even though the record for February 27, 1989 reflects that defense counsel was not prepared to proceed on that date. The Court of Appeals has emphasized "that the right to a speedy trial guaranteed by CPL 30.30, which relates to prosecutorial readiness, is not dependent in any way on whether the defendant has expressed his readiness for trial or whether the defendant can demonstrate prejudice resulting from the delay" *(People v Hamilton,* 46 NY2d 932, 933-934). In the absence of any request by defense counsel for an adjournment or consent to the People's request for an adjournment, the defense counsel's failure to object actively to the People's request will not constitute consent *(People v Canale,* 159 AD2d 817; *cf., e.g., People v Pappas,* 128 AD2d 556).

On May 17, 1989, Criminal Term granted a 28 day adjournment *sua sponte,* after a bench conference off the record. Criminal Term properly charged the time of this *sua sponte* adjournment to the People *(People v Meierdiercks,* 68 NY2d 613). It is pure speculation on the part of the People that this off-the-record conference consisted of defense counsel either

requesting an adjournment or consenting to the People's request for one. It makes no difference that the People had previously filed a notice of readiness, since this post-readiness delay cannot be said to have had no effect on the People's readiness to proceed *(People v McKenna,* 76 NY2d 59).

The 7 days beginning on October 4, 1989 were properly charged to the People, since that adjournment was granted on the People's request based on the Assistant District Attorney's involvement in another trial. Defense counsel did not bring the defendant's speedy trial motion to the attention of the court or the trial assistant until after the People's request for an adjournment had been made and granted. Concur—Milonas, Ross and Rubin, JJ.

Sullivan, J. P., and Kassal, J., dissent in a memorandum by Sullivan, J. P., as follows: Defendant was indicted for hindering prosecution in the first degree (Penal Law § 205.65) on November 2, 1988 and arraigned on November 4. On February 27, 1989, an Assistant District Attorney appeared and advised the court that the assistant to whom the case had been assigned was on trial and unavailable for at least another week. When asked if the defense was ready, an associate of the defense counsel told the court that the lead defense attorney, Mr. Richman, was out of town on vacation and that "[i]f, indeed, it does go to trial, it will be Mr. Richman." The court then adjourned the matter until April 19, 1989, and marked the time excludable.

On March 23, 1989, the People filed a notice of readiness and served it on defense counsel. After an April 19 adjournment on consent, the case was adjourned on May 17 for 28 days until June 14 following an off-the-record bench conference. Before the court called the case on October 4, 1989, after five additional adjournments as to which a total of three weeks were charged against the People, the People requested one week as the assigned trial assistant was finishing a trial. The court agreed to the request and stated that the week would be charged against the People. The defense attorney (not-admitted) then advised the court that she had, that very morning, served motion papers on the District Attorney. The court directed her to the clerk's office to file the papers. Although defense counsel did not so indicate at the time, the motion was one to dismiss the indictment on speedy trial grounds, pursuant to CPL 30.30.

After argument, on December 8, 1989, the court granted the motion finding that 213 days chargeable to the People had elapsed since the commencement of the action. The court

charged the People with 24 days covering the period between February 27, 1989 and March 23, 1989, 31 days between May 17, 1989 and June 14, 1989 and seven days between October 4, 1989 and October 11, 1989. In my view, the court erred in not excluding these periods from the time chargeable to the People.

As to the period from February 27 to March 23, CPL 30.30 (4) (b) excludes any period where the defense consented to an adjournment. Consent has been found when defendant fails to object to the delay. *(See, e.g., People v Brown,* 113 AD2d 812, 813, *lv denied* 67 NY2d 649; *People v Garfinkel,* 112 AD2d 949, 950, *lv denied* 66 NY2d 919; *People v Gaggi,* 104 AD2d 422, 423, *appeal dismissed* 65 NY2d 636.) While the burden rests on the People, not the defense, to show readiness *(see, People v Hamilton,* 46 NY2d 932, 933), that principle is not applicable to the circumstances here where defendant, implicitly to be sure, consented to two of the three adjournments at issue and had brought on a speedy trial motion before the third adjournment. When the court, on February 27 asked if defendant was ready, the associate present stated, "Judge not today. Mr. Richman's on vacation. If, indeed, it does go to trial, it will be Mr. Richman. So he's in Puerto Rico." Thus, the defense was not only unready but totally unavailable. In such circumstances, defendant gave implied consent to the adjournment. *(See, People v Sinistaj,* 111 AD2d 41, *revd on other grounds* 67 NY2d 236 [Defense considered to consent to adjournment and hence time excludable, when attorney stated he was unavailable for trial and suggested new date.].) It is also worth noting that the court originally declared the adjournment excludable and defendant raised no objection at that time. This ruling was changed in the court's disposition of the speedy trial motion.

Likewise, the adjournments of May 17 and October 4 should also be considered excludable. At both of these appearances the defense attorney was again absent. On May 17, the associate who earlier declared that only Mr. Richman would try the case appeared, while on October 4, a non-admitted attorney stood in for Mr. Richman. Neither person appearing for the defense could have tried the case. Therefore, in both instances, the defense tacitly consented to the adjournments, making this time, 35 days, excludable.

There is an additional reason for excluding the period between October 4 and October 11, 1989—defendant's speedy trial motion was before the court. Such a motion tolls the statutory period. *(People v Anderson,* 66 NY2d 529, 536; *see*

*also,* CPL 30.30 [4] [a].) In the instant matter, the motion, having been served on the People prior to the calendar call of October 4th, was before the court.

What is distressing about the dismissal in the instant matter is that it accepts gamesmanship in the allocation of responsibility for adjournments in the criminal parts. This is a case of a bailed defendant, who, from all that appears, was never anxious to go to trial and whose lawyer was never even present at any of the calendar calls at issue. Yet, the indictment is being dismissed because on two of those occasions, resulting in the charging of 31 days to the People, their representative could not be on trial in two courtrooms at the same time. The result, which the Legislature could never have intended, is patently absurd.

Excluding the three adjournments and the court's three day error in calculating the time from May 17 to June 14, the total includable time is 151 days, well within the statutory requirement. Thus, the motion to dismiss should have been denied.