■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND GARRETT, Appellant.—Judgment, Supreme Court, New York County (Howard E. Bell, J.), rendered December 1, 1989, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree, and sentencing him, as a second violent felony offender, to a term of imprisonment of 3 to 6 years, unanimously affirmed.

Defendant's sole contention on appeal is that the court erred in denying both of his speedy trial motions. We agree

with the trial court that the adjournment from September 30 to November 9, 1988, the only period defendant now challenges, was excludable. The case had been previously adjourned to September 30 for defendant to file motions, but, when defendant announced on that date that he was waiving pretrial motions, the court marked the case for trial on the next available date, November 9. In deciding the first speedy trial motion, the court noted that this adjournment was excludable pursuant to CPL 30.30 (4) (b), *i.e.,* on consent or request of defense counsel, although, in fact, neither side announced its readiness or requested an adjournment on the record. Absent the defendant's express request or acquiescence, a *sua sponte* adjournment by the court will ordinarily result in time charged to the People *(People v Liotta,* 176 AD2d 110, *affd* 79 NY2d 841). Here, however, since defense motions were to be served on September 30, the People could hardly have been expected to proceed to trial on that date *(People v Green,* 90 AD2d 705), and the court properly found the adjournment for trial excludable.

We have previously held that a presentation to the Grand Jury by a prosecutor not admitted to practice does not render the proceeding defective (CPL 210.35 [5]) or require dismissal of the indictment *(People v Munoz,* 153 AD2d 281, *lv denied* 77 NY2d 880; *see also, People v Carter,* 77 NY2d 95). Thus, there is no merit to defendant's claim that since the prosecutor was not admitted, the People could not legitimately answer ready until the superseding indictment was filed. Concur—Ellerin, J. P., Asch, Kassal and Smith, JJ.