*57 OPINION OF THE COURT
Michael R. Sonberg, J.
Defendant is charged with violation of Vehicle and Traffic Law § 1192 (2) and (3), operating a motor vehicle while under the influence of alcohol. He moves to dismiss the information pursuant to CPL 30.30 (1) (b) and 170.30 (1) (e) on the ground that he has been denied a speedy trial.
Whether the motion is granted rests upon the issue of whether the People should be charged with the entirety of an adjournment period for section 30.30 purposes, when they file and serve a certificate of readiness during that period but do not maintain their readiness on the adjourn date. Here, the People stated that they could not secure the presence of their police witnesses and were therefore not ready for hearings and trial when the case was called in this Part on February 10, March 24, and April 21, 1994, despite having served and filed statements of readiness on March 1 and March 29, 1994.[1]
The Court of Appeals, in People v Kendzia (64 NY2d 331, 337 [1985]), required that readiness either be stated on the record in open court or that a written statement thereof be served and filed, and that the readiness be that of "present readiness, not a prediction or expectation of future readiness.” Accordingly, the People contend that since they filed and served statements of readiness when they were in fact ready,[2] no time should be charged from the date of filing and service until the next adjourn date, regardless of their readiness on that adjourn date.
The People rely on a single decision in support of their contention, People v Robinson (171 AD2d 475 [1st Dept], Iv denied 78 NY2d 973 [1991]). However, a close reading of that *58 decision discloses significant differences between the facts upon which that ruling was based and the facts in this matter. In Robinson, after having stated ready for trial several times, the People lost contact with their complaining witness. When the People stated they were not ready, the court adjourned the case for six months, subject to advancement if the People became ready for trial. Although the People did regain contact and stated ready 3 Vi months later, after having advanced the case, the court granted defendant’s section 30.30 motion on the premise that the earlier statements of readiness had been illusory.
The Appellate Division reversed, holding that there was no basis to find the earlier statements of readiness illusory, in that the People had been in contact with their complainant until shortly before their statement of nonreadiness. Nothing in the record supported Supreme Court’s conclusion that the People had never been ready; in fact, the record showed the contrary.
In this matter, however, the issue is not whether earlier statements of readiness were illusory. Rather, the issue is whether a statement of readiness filed and served during an adjournment period stops the running of section 30.30 time when the readiness is not maintained on the adjourn date. I find that it does not, and that the People must be charged with the entire adjournment period unless they allege (and subsequently prove at hearing, if necessary) that their non-readiness on the adjourn date would otherwise be excluded from section 30.30 calculations.[3] For example, if the police officer had been available on the date the statement of readiness was served but was unavailable on the adjourn date as the result of an accident (see, e.g., People v Johnson, 191 AD2d 709 [2d Dept 1993]), or illness (see, e.g., People v DeJesus, 190 AD2d 1012 [4th Dept], Iv denied 81 NY2d 969 [1993]), the filing of the statement would end the period of includable time for section 30.30 purposes.
Here, however, the People offered no particular explanation at the time, nor do they suggest now, why their officers were not available on the adjourn dates.[4] Whether the "alert did *59 not go through,” the officer "was taken off alert,” was on vacation or off for the day, is irrelevant. While Kendzia (supra) requires a statement of "present readiness, not a prediction or expectation of future readiness” (64 NY2d, at 337), present readiness during an adjournment period is of no value in securing a speedy trial for the defendant (which is, after all, the purpose of section 30.30) unless it is accompanied by readiness on the adjourn date.* ***[5] "[T]he key to compliance with the statute is prosecutorial readiness” (People v McKenna, 76 NY2d 59, 63 [1990]).
Readiness is meaningful in a practical sense only if the People are ready on the day a case is on the calendar. Earlier this year, the Court of Appeals, in People v England (84 NY2d 1 [1994]), made it clear that readiness is practical, rather than theoretical. It held that a statement of readiness filed on the final section 30.30 day was illusory because the defendant could not be arraigned and the trial commenced within the section 30.30 period. In Kendzia (supra) the Court of Appeals provided a method for the People to convey their readiness to the court and defendant on a date before the next adjourn date without requiring the case be placed on the calendar. There is nothing in Kendzia which suggests that the People’s obligation to be ready is satisfied merely by being ready on a date when no one is in court, without regard to the ability to be ready on the next court date. Theoretical readiness (during an adjournment period), without practical readiness (on the next adjourn date), does not advance any of the interests which section 30.30 seeks to protect.
Insofar as this case is concerned, the People are charged with the following periods:
1. November 3, 1993 to November 29, 1993 (26 days) — On November 3, 1993, this case was on the calendar in this Part for the first time. The People were not ready for hearing and trial and were charged all time until they filed and served a *60 statement of readiness. None was served before the adjourn date.
2. February 10, 1994 to March 24, 1994 (42 days) — The People answered not ready on February 10, 1994; the case was adjourned to March 24, 1994, with the People charged all time until they filed and served a statement of readiness. They did so on March 1, 1994. They were not ready, however, on March 24, 1994.
3. March 24, 1994 to April 21, 1994 (28 days) — The People answered not ready on March 24, 1994; the case was adjourned to April 21, 1994, with the People charged all time until they filed and served a statement of readiness.[6] They did so on March 29, 1994. They were not ready, however, on April 21, 1994. On April 21, I granted suppression on default (see, n 6, supra), and dismissed the charge of Vehicle and Traffic Law § 1192 (2). I also granted an oral application to dismiss pursuant to CPL 30.30, staying sealing for 30 days, with the proviso that the People could move to vacate the dismissal on an ex parte basis during the 30-day period. Application to vacate the dismissal was made and granted on April 22, 1994 and a statement of readiness served and filed on that day. Subsequently, a motion schedule was set and defendant served a written motion seeking dismissal.
In total, the People are properly charged with 96 days, more than the 90 days permitted in CPL 30.30 (1) (b). Defendant’s motion to dismiss is granted in all respects.

. Defense counsel alleges that the relevant statements were filed without "certificates of mailing.” The court file discloses that the affidavits of service filed with the statements of readiness were neither signed nor notarized, nor was defense counsel’s name or address included. Defense counsel does not, however, allege that she did not receive the statements of readiness. In light of the disposition of the motion on the larger issue, I will not address the sufficiency of the statements, which is presumed for the purposes of this decision.

. It is not entirely clear to me that the People determined that their officers were actually available on the dates the statements of readiness were filed and served. "Present readiness” requires that witnesses be available (i.e., not on vacation, sick leave, regular day off or testifying in another court) on the date reflected in the statement of readiness. However, for the purposes of this decision, I will presume that the People were actually ready on the dates reflected in their statements of readiness.

. The rationale espoused by the People would permit them never to be ready on adjourn dates, so long as they filed statements of readiness on the following day, until a constitutional speedy trial analysis (or 91 one-day periods) required dismissal.

. In setting adjourn dates for hearings and for trials requiring police *59 testimony, I invariably inquire of the People as to whether they have a schedule for the officer. I will not adjourn a case to a date when the officer is scheduled to be off from work, except in extraordinary circumstances. Nonetheless, it is clear that the schedule information available to Assistant District Attorneys is incomplete and frequently erroneous.

. Practice in the District Attorney’s office varies from attorney to attorney. Some do confirm witness availability after an adjourn date is set and, if they find that the witness will not be available, are quick to contact defense counsel, agree on a new adjourn date, and advance the case for that purpose.

. The case was also marked final against the People for suppression purposes, under the authority of People v Goggans (123 AD2d 643 [2d Dept 1986]).