■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACKIE NEVITT, Also Known as LARRY McKNIGHT, Appellant. [619 NYS2d 6] —Judgment, Supreme Court, New York County (Robert Haft, J.), rendered June 29, 1988, convicting defendant, after a jury trial, of arson in the second degree, and sentencing him to a term of 8⅓ to 25 years, unanimously affirmed.

The trial court properly exercised its discretion in discharging defendant's fourth attorney because defendant's case had been pending for over a year, and counsel indicated that he would not be able to try the case for several months. Contrary

to defendant's contention, the record confirms that he knowingly and voluntarily elected to proceed *pro se.* Prior to granting defendant's application, the court explained that an experienced criminal attorney could better represent defendant at trial since he was more knowledgeable about the "technical" aspects of a trial than defendant, and gave defendant several opportunities to confer with his attorney about his decision *(People v Vivenzio,* 62 NY2d 775). Notwithstanding this warning, defendant initiated proceedings *pro se.*

Where defendant conceded that he had been involved in prior "run-ins" with the court, and that he did not intend to "sit back and just let [his] life just go down the drain," it was not an abuse of discretion for the court to exclude defendant from sidebar conferences with potential jurors during voir dire *(cf., People v Rosen,* 81 NY2d 237). Standby counsel did not unduly interfere with defendant's right to try his case *(McKaskle v Wiggins,* 465 US 168), since he had conferred with defendant and had obtained defendant's consent prior to challenging any of the jurors, and defendant failed to challenge any part of counsel's representation during the trial although he had been provided with daily copy of the proceedings. Nor does defendant claim that he was excluded from any material part of the trial. In any event, this proceeding preceded *People v Sloan* (79 NY2d 386) and *People v Antommarchi* (80 NY2d 247).

Defendant was not deprived of his right to a speedy trial. At least 74 of the 208 days challenged by defendant, including the periods from December 1, 1987 through January 6, 1988, and January 11, 1988 through February 8, 1988, were excludable since they were adjournments requested by defense counsel *(People v Worley,* 66 NY2d 523). Concur—Sullivan, J. P., Rosenberger, Ellerin, Kupferman and Williams, JJ.