■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v WILLIAM REID, Respondent. [625 NYS2d 171] —Order, Supreme Court, Bronx County (John E. H. Stackhouse, J.), entered November 12, 1993, which granted defendant's motion to dismiss the indictment for failure to comply with the speedy trial statute, unanimously reversed, on the law and the facts, the indictment is reinstated, and the matter remanded for a trial.

A felony complaint was filed on October 17, 1991, charging defendant with four counts of criminal sale and possession of a controlled substance. The People had six months from that date (CPL 30.30 [1] [a]), less any properly excludable periods under the statute, to be ready for trial. Defendant's motion to dismiss the indictment was filed in June 1993. In granting the motion, Criminal Term charged 263 days of delay to the People.

On this appeal, the People assert that six periods of adjournment, totaling 139 days, should not have been charged to them. We find that five of those periods, totaling 126 days, were excludable.

The first 91 days in question (March 3 to April 7, April 21 to June 2, and June 26 to July 10, 1992) were erroneously charged to the People because "There was no statement of readiness on the record." In fact, the People had initially announced their readiness for trial on December 4, 1991. Having done so, they were under no obligation to repeat that declaration of readiness upon each appearance in court (see, People v Cortes, 80 NY2d 201, 214). Furthermore, the 35-day adjournment from March 3 to April 7, 1992, and the 42-day adjournment from April 21 to June 2, 1992, were for the purpose of defense motions, which cannot be charged to the People (CPL 30.30 [4] [a]; People v Worley, 66 NY2d 523). That includes reasonable time for the prosecution to respond to such motions (People v Kramer, 181 AD2d 449, 450, lv denied 79 NY2d 949), and the time a court takes to decide them (People v Douglas, 209 AD2d 161).

The 4-day adjournment from June 26-30, 1992 was excludable because of defense counsel's unavailability (People v Ali, 195 AD2d 368, 369, lv denied 82 NY2d 804; People v Brown, 195 AD2d 310, 311, lv denied 82 NY2d 891), as was the consecutive 10-day period through July 10 while defendant

was awaiting new counsel. Any period of post-readiness delay attributable to defendant's lack of representation, through no fault of the court, is not chargeable to the People (CPL 30.30 [4] [f]; *People v Cortes,* 80 NY2d, *supra,* at 210).

A bench warrant was issued when defendant failed to appear on January 22, 1993. It was February 26 before a Warrant Squad detective was assigned to the case, and defendant was not arrested until May 4, apparently in connection with another matter. The court charged the first 35 days to the People for administrative delay in executing the warrant. We conclude that 35 days of administrative processing is not unreasonable *(see, People v Marrin,* 187 AD2d 284, 286, *lv denied* 81 NY2d 843), even in the absence of detailed testimony as to reasonableness during this period *(see, People v Davis,* 205 AD2d 697, 699-700).

On May 25, 1993, the assistant prosecutor was out sick, and the matter had to be adjourned to June 8. The next day, the People filed a formal statement of readiness. The court charged the entire 14 days to the People. Normally, the People will be charged only with the actual period of adjournment requested, following their initial statement of readiness; any additional period of delay, for the convenience of the court's calendar, will be excludable *(People ex rel. Sykes [Rodriguez] v Mitchell,* 184 AD2d 466, 468; *People v Urraea,* 214 AD2d 378 [decided herewith]). However, here the transcript of May 25 reveals the People's nonappearance, telephonic confirmation of the People's nonreadiness, and *no indication of a request for adjournment of any specific duration.* In adjourning the case to June 8, the court granted defendant's request to charge the entire delay to the People. Under the circumstances, the *Sykes* rule would not apply, and this entire adjournment must be charged to the People. The submission of a statement of readiness the next day was too late to alter the adjournment already granted, or responsibility for the delay necessitated thereby.

Our decision reduces the amount of delay chargeable to the People to 137 days, which is within the six-month rule of the statute. Concur—Sullivan, J. P., Ellerin, Wallach, Kupferman and Mazzarelli, JJ.