■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KIRK CHAMBERS, Appellant. [641 NYS2d 290] —Judgment, Supreme Court, New York County (Jerome Hornblass, J.), rendered February 22, 1993, convicting defendant, after a jury trial, of robbery in the third degree, and sentencing him, as a second felony offender, to a term of $3^1/_2$ to 7 years, unanimously affirmed.

Defendant was not deprived of his statutory right to a speedy trial since less than 183 days were chargeable to the People. Some excludable periods are the 29-day adjournment from the

decision on defendant's omnibus motion on September 25, 1991 until October 24, 1991, the scheduled hearing and trial date, as a reasonable period for the People to prepare for trial (*People v Greene*, 223 AD2d 474); the 5-day adjournment from February 14, 1992 until February 19, 1992, as "post-readiness delay attributable to defendant's lack of representation through no fault of the court" (*People v Reid*, 214 AD2d 396, 397); and the 26-day period from April 23, 1992 to May 19, 1992, during which the arresting officer suffered from a broken ankle, as an exceptional circumstance under CPL 30.30 (4) (g) (*People v Celestino*, 201 AD2d 91, 95). Furthermore, in the absence of any transcript of the May 19, 1992 proceedings, the prosecutor's unrefuted affirmation in opposition to defendant's speedy trial motion provided a sufficient record to support the People's claim that the adjournment to June 15, 1992 was a defense request (*supra*, at 94-95; *People v Nevitt*, 209 AD2d 341, *lv denied* 85 NY2d 865).

The court properly exercised its discretion when it denied defendant's motion for a mistrial after the prosecutor briefly mentioned in his opening statement that defendant had been returned on a bench warrant after his re-arrest for farebeating. The trial court's prompt, curative instruction that the jury "expunge" the reference to the arrest from their minds was "sufficient to alleviate any possible prejudice to defendant" (*People v Owens*, 214 AD2d 480, 481, *lv denied* 86 NY2d 799).

The precinct showup shortly after defendant's arrest was confirmatory (*People v Serrano*, 207 AD2d 676, *lv denied* 84 NY2d 1015). The complainant had observed defendant on several occasions after the robbery, spontaneously pointed him out to the police after they responded to his second telephone call informing them that he had seen defendant, and told them that he was positive that defendant had robbed him. Concur—Sullivan, J. P., Ellerin, Wallach, Williams and Mazzarelli, JJ.