OPINION OF THE COURT
Per Curiam.
Order dated October 20, 1994 affirmed.
On defendant’s motion for dismissal of the information on statutory speedy trial grounds, the People conceded that they were chargeable with 26 days of the 90-day time limit applicable to this misdemeanor prosecution (CPL 30.30 [1] [b]). At issue on this appeal is the People’s responsibility for two consecutive periods of postreadiness delay totaling 72 days. Criminal Court granted the defendant’s dismissal motion, holding that the disputed periods of postreadiness delay should be charged to the People (163 Misc 2d 56). We agree, and on the People’s appeal, affirm.
The record shows, and it is uncontested, that the case was twice adjourned, from February 10, 1994 to March 24, 1994, and again from March 24 to April 21, 1994, due to the unavailability of certain key police witnesses. The People served and filed certificates of readiness during each adjournment period (on March 1 and March 29, 1994, respectively), but ultimately were unready to proceed to trial on either adjourn date because of the continued absence of the police witnesses. There is no indication, and indeed the People do not now assert, that the assistant prosecutor sought an adjournment to a date certain on either the February 10 or March 24, 1994 court date.
In these circumstances, the entire 72-day period of delay was properly charged to the prosecution. "Where the record is, as here, silent as to the length of time sought by the prosecutor for a postreadiness adjournment, the entire period is includible despite the filing of a certificate of readiness in the intervening period (see, People v Reid, 214 AD2d 396, 397; People v Betancourt, 217 AD2d 462 [lv denied 87 NY2d 844]).” (People v Cajigas, 224 AD2d 370, 371.) "The submission of a statement of readiness [during the adjournment periods] was too late to alter the adjournment^] already granted, or responsibility for the delay necessitated thereby.” (People v Reid, supra, 214 AD2d, at 397.)
Parness, J. P., McCooe and Freedman, JJ., concur.