■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v WILLIAM REID, Respondent. [666 NYS2d 125] —Order, Supreme Court, Bronx County (John Stackhouse, J.), entered on or about May 9, 1996, which dismissed the indictment pursuant to CPL 30.30, unanimously affirmed.

Under the particular circumstances present, the hearing court properly charged the prosecution with four periods of delay, totalling 20 days, occurring while defendant's speedy trial motion was pending. While time periods during which such motions are "under consideration by the court" are normally excludable in that these time periods directly result from action taken by the defendant (CPL 30.30 [4] [a]; *People v Shannon,* 143 AD2d 572, *lv denied* 73 NY2d 860), we find that the People's abject dilatoriness in responding to the motion, preparing for the hearing thereon, and producing defendant as needed for the hearing, which delayed resolution of the motion for many months, justified charging the People for certain post-motion delays (*see, People v Commack,* 194 AD2d 619).

We likewise reject the People's challenge to the 15-day period from July 19 to August 3, 1995. Inasmuch as the People failed to produce defendant, to announce readiness or to request an adjournment to a specific date at a scheduled court date on July 17, their production of defendant and announcement of readiness two days later was "too late to alter the adjournment already granted, or responsibility for the delay necessitated thereby." (*People v Reid,* 214 AD2d 396, 397.) The People have not shown that their steps to "advance" the case to July 19 succeeded in undoing the effect of the previously granted adjournment to August 3.

Finally, we agree with the hearing court that the 25-day period from September 7 to October 2, 1995 was attributable to the prosecution because defendant was not produced at a September 7th court date. Since the prosecutor offered no explanation as to why defendant had not been produced and, indeed, expressed hope that defendant would eventually be produced later that day, we find the ultimate explanation that defendant had a conflicting court appearance in Westchester County to be a fortuitous coincidence not excusing the non-appearance in this case (*see, People v Billups,* 105 AD2d 795). The People's failure to ascertain that defendant was unavail-

able only for a single day resulted in an unnecessary 25-day adjournment.

The above-mentioned chargeable periods, when added to the periods found chargeable by this Court in our prior decision in this case (214 AD2d 396, *supra*), exceed the statutory six-month limit. Therefore, the motion to dismiss was properly granted. Concur—Murphy, P. J., Rosenberger, Wallach, Nardelli and Mazzarelli, JJ.