■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v BALWANT SEBAK, Respondent. [667 NYS2d 46] —Order, Supreme Court, Bronx County (Lawrence Bernstein, J.), entered on or about August 20, 1996, which granted defendant's motion to set aside the verdict pursuant to CPL 330.30, unanimously reversed, on the law, the verdict reinstated and the matter remanded to Supreme Court for sentencing.

On December 4, 1995, defendant was convicted, after a jury trial, of attempted assault in the first degree and criminal possession of a weapon in the second degree. In an order dated October 20, 1995, Supreme Court had denied a defense motion to dismiss the indictment pursuant to CPL 30.30 (1) (a), holding that the People are chargeable with only 164 days' delay, well within the statutory time limit of 184 days. However, after the verdict was recorded, defendant moved pursuant to CPL 330.30 (1) to set the verdict aside on the ground that the court had, *inter alia*, committed error in denying his speedy trial motion. In the order subject to appeal, the court granted the motion and set aside the verdict.

The sole time period at issue is a 49-day interval from

September 16, 1994 to November 4, 1994. On Friday, September 16, 1994, the Assistant District Attorney (ADA) appearing on behalf of the People informed the court that the assistant prosecutor assigned to the case was ill. The court adjourned the matter, stating, "Time will be chargeable to the People. Miss Curran can file a notice of readiness when she is ready. In the meantime I am putting this on for October 7th." Thereupon, defense counsel requested an adjournment to the 28th, a date the court found inconvenient. The ADA stated, "Just for the record, we are stating ready other than the fact she's sick today." Making clear that, pursuant to *People v Kendzia* (64 NY2d 331, 338), a conditional statement of readiness is not acceptable, the court set an adjourned date of "11/4. That's why I want Miss Curran to file a statement of readiness when she's ready." Three days later, on Monday, September 19, 1994, the People filed their statement of readiness, serving a copy on defense counsel by mail.

On his CPL 330.30 motion before Supreme Court, and on appeal to this Court, defendant contends that the entire 49 days is chargeable to the People. However, on his original, preverdict speedy trial motion, defendant asserted only that three days were chargeable to the prosecution. The position now taken by defendant is that the People requested an indefinite adjournment and, therefore, the entire time period from the date of the request to the adjourned date is chargeable to them. Defendant states, "The filing of a post-adjournment, off-calendar certificate of readiness has never been held to excuse—and does not excuse—the People's failure to make specific adjournment requests in the post-readiness context."

Leaving aside the question of the preservation of this issue for appellate review, there is simply no merit to defendant's position. The procedure for declaring readiness is set forth in *People v Smith* (82 NY2d 676, 678): "the People must communicate their readiness on the trial court's record, either by a statement of readiness by the prosecutor in open court or through a written notice of readiness sent by the prosecutor to defense counsel and the appropriate court clerk * * * Secondly, the prosecutor must in fact be ready to proceed at that time" (citing *People v Kendzia, supra,* at 337). As the *Smith* Court noted, "The rule we restate today, which requires the prosecution to file a certificate of readiness or make a statement of readiness in open court, objectively establishes the date on which they can proceed and eliminates the need for a court to determine to whom adjournment delays should be charged" (82 NY2d, *supra,* at 678). As stated by this Court, the general rule

is that *"sua sponte* extensions of requested adjournments due to court congestion following a prosecutor's announcement of readiness should be excludable" (*People ex rel. Sykes v Mitchell,* 184 AD2d 466, 468).

The case at bar is distinguishable from this Court's decision in *People v Reid* (214 AD2d 396) and the Court of Appeals decision in *People v Collins* (82 NY2d 177), relied upon by defendant. *Reid* similarly involved an adjournment due to the illness of the assistant prosecutor. However, the transcript reflected only "the People's nonappearance, telephonic confirmation of the People's nonreadiness, and *no indication of a request for adjournment of any specific duration"* (*supra,* at 397 [emphasis in original]). Therefore, we held that "[t]he submission of a statement of readiness the next day was too late to alter the adjournment already granted, or responsibility for the delay necessitated thereby" (*supra,* at 397). Likewise, in *People v Collins* (*supra,* at 182), the Court noted the lack of any "unequivocal statement by someone with firsthand knowledge that the People's request for a continuance actually addressed to the court was only for a five-day adjournment."

Unlike these cases, the record in the matter before us amply demonstrates that the continuance requested by the People was limited to the date of the appearance itself (*see, People v Betancourt,* 217 AD2d 462, 464-465, *lv denied* 87 NY2d 844 [statement that prosecutor " 'will be ready in three days' " construed as request for date certain]). Furthermore, the transcript of September 16, 1994 reflects a common understanding that the filing of the certificate of readiness was intended to document the limited adjournment sought. If any doubt remains, the assertion in defendant's original moving papers that the People should be charged with only three days of the adjourned period (until the certificate was filed on the next business day) conclusively demonstrates that this understanding was shared by defendant. Finally, defendant failed to raise any objection to the procedure employed by the court prior to verdict, and the belated assertion of error in his CPL 330.30 motion does not constitute a proper basis upon which to set the verdict aside (*People v Albert,* 85 NY2d 851, 853) or to review the question on appeal (*People v Padro,* 75 NY2d 820, 821; *see also, People v Luperon,* 85 NY2d 71, 77-78). Concur—Murphy, P. J., Sullivan, Rubin, Tom and Mazzarelli, JJ.