◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN VAUGHN, Appellant. [681 NYS2d 233] —Judgment, Supreme Court, Bronx County (Gerald Sheindlin, J., at speedy trial motion; Ira Globerman, J., at hearings, jury trial, and sentence), rendered May 13, 1997, convicting defendant of robbery in the first degree, and sentencing him, as a second violent felony offender, to a term of 7½ to 15 years, unanimously affirmed.

Defendant's speedy trial motion was properly denied. Contrary to defendant's claim, the People were only chargeable for one day, 21 days, and one day, respectively, during the periods between May 16 and May 31, 1996, July 2 and August 16, 1996, and August 22 and October 1, 1996, since there was nothing "illusory" about the People's statements of readiness, and the People requested those limited adjournments with sufficient specificity (*People v Sebak*, 245 AD2d 242, *lv denied* 91 NY2d 945; *People v Urraea*, 214 AD2d 378; *see also, People v Stirrup*, 91 NY2d 434). The period between October 8 and November 12, 1996 is excludable because the People's affirmation and the minutes of October 1, 1996 provide a sufficient record to support the People's claim that defense counsel expressed his consent to the November 12th adjournment date (*People v Chambers*, 226 AD2d 284, *lv denied* 88 NY2d 981). Further, the People were not chargeable with any time between January 16 and January 31, 1997 since they "are generally not required to declare their readiness repeatedly throughout the pendency of a criminal action" (*People v Cortes*, 80 NY2d 201, 214). Thus, the People were actually chargeable with 107 days and therefore dismissal of the indictment is not warranted.

The court's *Sandoval* ruling sufficiently balanced the proper factors and was an appropriate exercise of discretion since defendant's prior conviction for an act of calculated violence was highly relevant to credibility. We have considered and rejected defendant's related arguments. Concur—Rosenberger, J. P., Nardelli, Mazzarelli, Andrias and Saxe, JJ.