OPINION OF THE COURT
Lucy Billings, J.
On December 4, 1997, the People filed an accusatory instru *989 ment charging defendant with operating a motor vehicle while intoxicated (Vehicle and Traffic Law § 1192 [3]), operating a motor vehicle while impaired (Vehicle and Traffic Law § 1192 [1]), two counts of endangering the welfare of a child (Penal Law § 260.10 [1], [2]), and criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03). Defendant moves to dismiss the accusatory instrument on the ground that the People were not ready for trial within the statutory time. (CPL 30.30 [1] [b]; 170.30 [1] [e].) For the reasons discussed below, the court denies the motion.
I. The Record of Events and the Parties’ Contentions <
The People were required to declare their readiness for trial within 90 days, by March 4, 1998, absent excludable time. (CPL 30.30 [1] [b].) The parties agree that the People declared their readiness for trial on July 23, 1998, by filing a certificate of readiness with the court and communicating that readiness by mail to defendant. (People v Kendzia, 64 NY2d 331 [1985].) Thus defendant has demonstrated a prima facie violation of the trial readiness rule. (People v Betancourt, 217 AD2d 462, 463 [1st Dept 1995].) The burden is now on the People to establish that sufficient time is excludable to render their declaration of readiness timely. (People v Luperon, 85 NY2d 71, 77-78 [1995]; People v Santos, 68 NY2d 859, 861 [1986]; People v Fields, 214 AD2d 332 [1st Dept 1995].)
According to the record of court action, defendant’s motion to dismiss, and the People’s response, the relevant events are as follows:
(1) Following the filing of a misdemeanor complaint and defendant’s arraignment, on December 4, 1997, the case was adjourned at the People’s request to December 9, 1997, for them to corroborate the complaint with a supporting deposition and laboratory report. The People concede that the five days are chargeable to them.
(2) On December 9, 1997, the People failed to produce the necessary corroboration to convert the complaint to an information. The case again was adjourned at their request and for that purpose to January 27, 1998. The People concede that the 49 additional days are chargeable to them.
(3) On January 27, 1998, as defendant concedes, the People converted the accusatory instrument. As defendant also concedes, he initiated his motion practice on that date. According to the record of court action, which defendant does not *990 dispute, the court set a motion schedule requiring defendant’s motions to be filed and served by February 10 and adjourning the case for the People’s response and the court’s decision on the motions March 10, 1998. Defendant concedes that this adjournment is not chargeable to the People. (CPL 30.30 [4] [a]; People v Worley, 66 NY2d 523, 527 [1985].)
(4) The record of court action reflects that on March 10 the case again was adjourned to April 27, 1998, for a response and decision on the motions. As the People point out and defendant’s dated motions and the record of court action confirm, defendant failed to submit his motions until March 9, 1998. Thus the further adjournment from March 10 to April 27, 1998, for the People to respond and the court to decide the motions, is not chargeable to the People. (CPL 30.30 [4] [a]; People v Worley, 66 NY2d, supra, at 527; People v Reid, 214 AD2d 396 [1st Dept 1995].)
(5) On April 27 the court granted hearings on defendant’s motions to suppress evidence and adjourned the proceedings to June 17, 1998 for the hearings. This period, totaling 51 days, is not per se unreasonable and is not chargeable to the People. (CPL 30.30 [4] [a]; People v Roberts, 236 AD2d 233, 234 [1st Dept 1997]; People v Greene, 223 AD2d 474 [1st Dept 1996]; People v Green, 90 AD2d 705, 706 [1st Dept 1982]; see also, People v Silas, 233 AD2d 103 [1st Dept 1996] [34 days reasonable]; People v Frazier, 171 Misc 2d 407, 412 [Sup Ct, Kings County 1997] [48 days reasonable].)
(6) On June 17 the People stated they were not ready for the hearings and requested an adjournment to June 22, 1998. The People concede that this five-day period is chargeable to them. Therefore, as of June 22, 1998, 59 days of the People’s 90-day trial readiness time had elapsed.
(7) On June 22 the hearings again were adjourned because the People were not ready to proceed. The court adjourned the proceedings to July 29, 1998. On July 23, 1998, on what would have been the 90th day, absent additional excludable time, the People declared their readiness for trial. That declaration “is presumed to be accurate and truthful.” (People v Acosta, 249 AD2d 161, 162 [1st Dept 1998].) Defendant does not insist to the contrary. (People v Stirrup, 91 NY2d 434, 440 [1998].)
Defendant does dispute that the People’s declaration of readiness on July 23 stopped the trial readiness clock before the next adjournment date, July 29, 1998. The effect of that declaration is the critical issue before the court.
*991 II. The Sufficiency of the Record
As a threshold issue, the court must determine whether the record presented permits disposition of the motion without a hearing. The record of proceedings must be adequate to enable the court to reach “an informed decision” whether time is excludable. (People v Cortes, 80 NY2d. 201, 215-216 [1992].) Since the critical period in dispute is the adjournment from June 22 to July 29, 1998, with the parties’ consent, the court ordered the transcript of proceedings on June 22, adjourning the case to July 29, 1998. These minutes are the material evidence determinative of the extent to which this adjournment period is chargeable to the People.
III. The People’s Declaration of Readiness Tolled Their Trial Readiness Time on July 23, 1998
According to the transcript of the proceedings of June 22, 1998, the People were unable to proceed with the scheduled hearing because they belatedly had discovered they needed an additional witness. As an accommodation to the defense, who had appeared in court for hearings twice in five days to no avail, the court inquired as to a preferred adjournment date. Defense counsel expressed a preference for “a Monday or a Wednesday” and specifically requested that the week of July 20 to 24 be excluded due to counsel’s vacation. The court scheduled the hearing July 29, 1998, a Wednesday. The People did not specify the length of the adjournment they sought and did not participate in setting the adjournment date.
The prereadiness delay on June 22, 1998 is chargeable to the People, absent defendant’s “clearly expressed” consent (People v Liotta, 79 NY2d 841, 843 [1992]) or “acquiescence.” (People v Garrett, 182 AD2d 496, 497 [1st Dept 1992].) Even a prereadiness adjournment by the court sua sponte, not requested by the People, is chargeable to them. (People v Meierdiercks, 68 NY2d 613, 615 [1986]; People ex rel. Sykes v Mitchell, 184 AD2d 466, 467-468 [1st Dept 1992].) This rule does not mean, however, that the People could not either toll the trial readiness period, by filing a notice of their readiness, or benefit from defendant’s participation in setting the length of the adjournment.
Where the record is silent as to the length of an adjournment sought by the People, an ensuing notice of readiness “is the kind of record commitment to proceed which satisfies the People’s duty to be ready for trial, and serves to toll the ‘speedy *992 trial clock’ from running for the remainder of that adjournment period.” (People v Stirrup, 91 NY2d, supra, at 440.) In so deciding, the Court of Appeals explicitly refused to apply People v Reid (214 AD2d, supra, at 397.) In Reid, the People occasioned an adjournment by their failure to appear, informing the court of their unreadiness by telephone. In their absence, the court charged the entire two-week adjournment, although they had not requested an adjournment of any particular duration. (People v Reid, supra, at 397; see, People v Sebak, 245 AD2d 242, 244 [1st Dept 1997].)
The appeal of Stirrup’s codefendant (People v Anderson, 231 AD2d 459, 460 [1st Dept 1996], order recalled and vacated 252 AD2d 399, 401 [1st Dept 1998]) extended Reid (supra) beyond its particular circumstances: “Where the People answer not ready for trial, and the record is silent as to the length of adjournment sought by them, the entire period is chargeable to them despite the filing of a certificate of readiness in the intervening period.” That original Anderson decision would have overruled Sykes.
Stirrup (supra) pulled back that broad extension of Reid (supra; see, People v Anderson, 252 AD2d, supra, at 401). Reid, in fact, explicitly distinguished its particular circumstances from the general rule of People ex rel. Sykes v Mitchell (184 AD2d, supra, at 468): the People are chargeable with prereadiness delay occasioned by court scheduling only until they declare their readiness for trial. (See, People v Chavis, 91 NY2d 500, 506 [1998]; People v Smith, 82 NY2d 676, 678 [1993]; People v Anderson, 252 AD2d, supra, at 401; People v Robinson, 251 AD2d 110 [1st Dept 1998]; People v Lindsey, 248 AD2d 729, 729-730 [2d Dept 1998].) “Once a prosecutor announces readiness for trial, the operational effect of CPL 30.30 is exhausted,” and additional delay due to other factors is excludable. (People ex rel. Sykes v Mitchell, 184 AD2d, supra, at 468; see, People v Brothers, 50 NY2d 413, 417 [1980].) Thus the People’s declaration of readiness on July 23, 1998 timely tolled the trial readiness period.
IV. Defendant Sufficiently Participated in Setting the Adjourned Date so as to Exclude July 20-24, 1998 for the Trial
Readiness Time
Moreover, to accommodate defense counsel’s vacation from Monday, July 20, to Friday, July 24, a period in which the *993 People’s trial readiness time was due to expire, the court set the adjournment date at Wednesday, July 29, 1998. Defense counsel’s stated preference for Mondays or Wednesdays does not constitute a “clearly expressed” consent to the adjournment. (People v Liotta, 79 NY2d 843, supra.) In contrast, his specific objection to any date between July 20 and July 24, which included four days, July 20 to July 23, when the People could have timely declared their readiness for trial in open court, does amount to sufficient participation in setting the adjournment date to toll the trial readiness clock from July 20 through July 24, 1998. (See, e.g., People v Smith, 82 NY2d, supra, at 678; People v Matthews, 227 AD2d 313, 314 [1st Dept 1996]; People v Brown, 207 AD2d 556, 557 [2d Dept 1994].)
Defendant cannot first object to specific adjournment dates that would allow the People to declare their trial readiness timely in open court and then prohibit the People from making a valid out-of-court declaration of readiness on those dates, because the People’s unreadiness necessitated the adjournment originally. Thus the period of July 20 through July 23, 1998 is excludable, rendering the People’s statement of readiness effective on the 87th day of their trial readiness period.
Therefore the court denies defendant’s motion to dismiss.