People v Bish (2024 NY Slip Op 02409)

People v Bish

2024 NY Slip Op 02409

Decided on May 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., BANNISTER, MONTOUR, OGDEN, AND DELCONTE, JJ.

138 KA 21-01592

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOHN BISH, DEFENDANT-APPELLANT. 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KERRY A. CONNER OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Erie County Court (Susan M. Eagan, J.), rendered August 19, 2021. The judgment convicted defendant upon his plea of guilty of burglary in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the motion is granted, the indictment is dismissed, and the matter is remitted to Erie County Court, for proceedings pursuant to CPL 470.45.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of burglary in the third degree (Penal Law § 140.20), defendant contends that County Court erred in denying his motion to dismiss the indictment pursuant to, inter alia, CPL 30.30. We agree.
Where, as here, the defendant is charged with a felony, the People must be ready for trial within six months of the commencement of the action (see CPL 30.30 [1] [a]; People v Cooper, 90 NY2d 292, 294 [1997]). The statutory period is calculated by "computing the time elapsed between the filing of the first accusatory instrument and the People's declaration of readiness, subtracting any periods of delay that are excludable under the terms of the statute and then adding to the result any postreadiness periods of delay that are actually attributable to the People and are ineligible for exclusion" (People v Cortes, 80 NY2d 201, 208 [1992]). "[A] defendant bears the initial burden of alleging that the People were not ready for trial within the statutorily prescribed time period" (People v Session, 206 AD3d 1678, 1680 [4th Dept 2022] [internal quotation marks omitted]; see People v Allard, 28 NY3d 41, 45 [2016]). The People then "bear the burden of demonstrating sufficient excludable time" (People v Kendzia, 64 NY2d 331, 338 [1985]; see Allard, 28 NY3d at 45; People v Brown, 28 NY3d 392, 403 [2016]). "[P]ostreadiness delay may be charged to the People when the delay is attributable to their inaction and directly implicates their ability to proceed to trial" (Brown, 28 NY3d at 404 [internal quotation marks omitted]).
Here, the statutory speedy trial period was 182 days (see CPL 30.30 [1] [a]; Cortes, 80 NY2d at 207 n 3). There is no dispute that the 108 days between October 10, 2017, i.e., the date of defendant's arraignment in City Court on the felony complaint, and January 26, 2018, i.e., the date of defendant's arraignment in County Court on the indictment, was chargeable to the People (see CPL 1.20 [17]; People v Osgood, 52 NY2d 37, 43 [1980]; see also People v Harrison, 171 AD3d 1481, 1482 [4th Dept 2019]). The court also charged the People with the 14-day period between June 28, 2018 and July 13, 2018, when the People were aware of defendant's newly assigned counsel yet chose not to serve him with their motion response, and with 6 days between the time the People were ordered to disclose the grand jury minutes and the date such disclosure occurred. This appeal is concerned with, inter alia, the period between November 1, 2018 and January 22, 2019. On November 1, 2018, the People made an off-the-record request to adjourn the Huntley hearing that was scheduled to occur on November 8, 2018. The hearing was not held [*2]until January 22, 2019.
"Normally, the People will be charged only with the actual period of adjournment requested, following their initial statement of readiness; any additional period of delay, for the convenience of the court's calendar, will be excludable" (People v Reid, 214 AD2d 396, 397 [1st Dept 1995]; see Brown, 28 NY3d at 404; People v Barnett, 158 AD3d 1279, 1281 [4th Dept 2018], lv denied 31 NY3d 1078 [2018]). The People, however, "bear the burden of ensuring that the record explains the cause of adjournments sufficiently for the court to determine which party should properly be charged with any delay" (Brown, 28 NY3d at 404 [internal quotation marks omitted]). Here, there is no explanation as to the reason for the requested adjournment in the record, and there is no indication on the record of the length of the adjournment the People were requesting. Thus, the entire period is chargeable to the People (see People v Collins, 82 NY2d 177, 181-182 [1993]; Reid, 214 AD2d at 397; see also People ex rel. Sykes v Mitchell, 184 AD2d 466, 467-468 [1st Dept 1992]). Furthermore, the adjournment is not excludable inasmuch as defendant did not expressly consent to the adjournment (see People v Nunez, 47 AD3d 545, 546 [1st Dept 2008]). Thus, the total period of time chargeable to the People is 210 days, several days beyond the 182 days allowable in this case (see generally CPL 30.30 [1] [a]).
In light of our determination, we do not address defendant's remaining contentions.
Entered: May 3, 2024
Ann Dillon Flynn
Clerk of the Court