People v Brian B. (2025 NY Slip Op 51573(U))

[*1]

People v Brian B.

2025 NY Slip Op 51573(U) [87 Misc 3d 1214(A)]

Decided on October 6, 2025

Criminal Court Of The City Of New York, New York County

Coleman, J.

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 6, 2025
Criminal Court of the City of New York, New York County

The People of the
State of New York, Plaintiff,

against
Brian B., Defendant.

CR-016964-24/NY

Alvin L. Bragg, Jr., District Attorney, New York County (Chelsea Calabro of
counsel), for plaintiff. 
Twyla Carter, The Legal Aid Society, New York City (Robert Solmssen), for
defendant.

Ilona B. Coleman, J.

The defendant moves this court to find the People's certificate of compliance invalid and to
dismiss his case pursuant to CPL §§ 30.30 (1) (b) and 170.30 (1) (e). The People
oppose, arguing that the defendant's motion is untimely and that their overall efforts to satisfy
their discovery obligations were diligent. 
On the facts of this case, there is no need to examine the People's discovery compliance.
Even if the People's certificate of compliance was valid, the People have violated the defendant's
right to a speedy trial. The case is therefore dismissed.
I. Relevant Facts
The defendant was arraigned in
this case on June 12, 2024. Bail was set, and the case was adjourned to June 17, 2024, for
conversion. The case was converted before that date, and the case was adjourned to July 17, 2024
for trial. On that date, the People had not yet complied with their discovery obligations or
announced their readiness for trial, and the defendant was released on his own recognizance
pursuant to CPL § 30.30 (2) (b). The case was again adjourned to September 10, 2024 for
trial. 
The People filed an off-calendar certificate of compliance (COC) and statement of readiness
(SOR) on August 7, 2024, 56 [FN1]
days after the defendant's arraignment. The defense then filed an omnibus motion on September
9, 2024, and the case was in motion practice until November 13, 2024. From November 13, 2024
through April 29, 2025, the case was adjourned repeatedly for trial.
On April 29, 2025, the defense indicated that they would be filing a COC challenge and a
motion to dismiss pursuant to CPL § 30.30 (1) (b). The court set a motion schedule, with
the defendant's motion due on May 23, 2025, the People's opposition due on June 17, 2025, and a
decision date of July 2, 2025. On May 21, 2025, the original defense attorney emailed the court
requesting an extension to file their motion for medical reasons. The case was reassigned to the
[*2]current defense attorney on May 23, 2025, and counsel filed
their motion on May 29, 2025. That same day, the court emailed the People to ask whether they
would be able to meet the original motion in opposition due date of June 17, 2025. The People
did not respond until June 17, 2025, at which point they requested a one-week extension. The
court granted a two-week extension, directing that the People file their opposition before the next
court date of July 2, 2025. The People did not file their opposition before July 2, 2025. Instead,
the People appeared on July 2 and requested another extension, which the court granted. Under
the new schedule, the People's opposition was due July 16, 2025, with a decision date of
September 10, 2025. 
The new deadline passed without the People either filing their opposition or contacting the
court. Over a month later, the People still had not filed their opposition. On August 20, 2025, the
court emailed the People noting that the deadline had passed, asking if the People had filed, and
inquiring if the People still intended to file an opposition. The court received no response. On
August 29, 2025, the court again emailed the People making the same inquiry. Specifically the
court emailed the parties stating that, "[h]aving received no opposition or response to the [prior]
email, the court is assuming that the People do not intend to file opposition in this case." The
court then stated that it would decide the motion without opposition if it did not hear from the
People by the close of business on September 5, 2025. 
At 12:25 p.m. on September 5, 2025, the People responded and stated that they would file
their opposition that day. They emailed the court a courtesy copy of their opposition at 7:49 p.m.
on September 5, 2025 and filed it via EDDS shortly thereafter. 
On September 10, 2025, the court set a date for the defendant to file a reply and adjourned
the case to October 20, 2025. The defendant filed a reply on September 24, 2025 arguing that the
People must be charged for their failure to adhere to the court-ordered motion schedule. The
People have not requested the opportunity to file a sur-reply.
II. CPL § 30.30
In this case, in which the
defendant is charged with an A misdemeanor and no felonies, the People are required to
announce their readiness for trial within ninety days of the commencement of the criminal action
(CPL 30.30 [1] [b]). 
The parties agree that the People must be charged with the period from the defendant's
arraignment on June 12, 2024 until the People answered ready for trial on August 7, 2024, a
period of 56 days.
The People also must be charged with their unreasonable and unexplained delay in
responding to the defendant's motion (People v Bonilla, 94 AD3d 633, 634 [1st Dept 2012]). They are
charged with the 51-day period from their July 16, 2025 motion in opposition deadline through
September 5, 2025, the day they finally filed their opposition. During these 51 days, the People
did not contact the court to request an extension. The People have offered no explanation, in their
communications with the court or in their court filings, for their "abject dilatoriness in
responding to the motion" (People v Reid, 245 AD2d 44, 44 [1st Dept 1997]).
The People are charged with at least 107 days of delay,[FN2]
 and the defendant has been denied the right to a speedy trial (CPL 30.30 [1] [b]). The
defendant's motion to dismiss is therefore granted (CPL 170.30 [1] [e]).
This constitutes the decision and order of this court.
Dated: October 6, 2025
New York, NY
Ilona B. Coleman, J.C.C.

Footnotes

Footnote 1:The People's count of 55 days is
incorrect, but the disparity does not affect the outcome here.

Footnote 2:The court does not decide
whether any other time periods are chargeable.